### WILLIE WALES v. THE STATE.

No. 5503. Decided October 29, 1919.

Rehearing denied January 21, 1920.

**1.—Selling and Procuring Intoxicating Liquors to Soldiers in the United States Army.**

Where, upon trial under the Act of the fourth called session of the Thirty-fifth Legislature, making it unlawful under section 1 of said Act for any person directly or indirectly, to knowingly purchase for or to procure for or to sell, give, or deliver to, or cause to be given or delivered to, any person engaged or enlisted in the military or naval forces of the United States or any of the associates of the United States in the present war with Germany, any spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, he shall be guilty of an offense, etc., the evidence was insufficient to support the conviction, the judgment must be reversed and the cause remanded.

**2.—Same—Rehearing—Procuring Intoxicants—United States Soldier**

Where the State contended in its motion for rehearing that the judgment should be affirmed on the basis that defendant was convicted for pro-

curing intoxicants for a United States service man, and not for giving or selling, held, that the evidence would not support the conviction under this phase of the case.

### 3.—Same—Definition of Procuring—Delivery—Insufficiency of the Evidence.

Under this statute a party cannot be charged with procuring whisky for another if he owned it and had already procured it, as the idea of procuring necessarily conveys and carries with it the idea that the thing procured must be gotten from some one other than the procurer; besides. there must be delivery in some such way that the service man received the intoxicant or it is placed where he can get it, and the evidence does not sustain the conviction under this phase of the case.

Appeal from the District Court of Galveston. Tried below before . the Hon. Robt. G. Street, judge.

Appeal from a conviction of unlawfully selling, procuring, etc., intoxicating liquors to United States soldiers; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Fuller & Brady,* for appellant.—On question of insufficiency of the evidence: Lane v. State, 49 Texas Crim. Rep., 335; White v. State, 47 id., 551.

*Alvin M. Osley,* Assistant Attorney General, *Chas H. Theobald,* County Attorney Galveston County, for the State.

DAVIDSON, Presiding Judge.—Appellant was indicted under the statute which prohibits the selling or giving of intoxicating liquors to soldiers, marines and others in the service of the United States government. The indictment is prolific in allegations and covers apparently every clause of the statute.

The case as made by the State is through the witness Brent, who is a negro policeman or detective in the City of Galveston. He says on Market Street between 25th or 26th Street he saw soldiers and appellant near by. Finally one of the soldiers had a conversation with appellant. Brent became interested and began watching their movements. The soldiers and appellant separated. There were two other soldiers or marines near by who went around the corner of the block. The soldier who was talking with .appellant separated from him and went to a door or an opening into a wall at the foot of a flight of steps and stood there. It was about 7 o'clock in the evening or little after the electric lights had been turned on. Appellant disappeared around the corner. Brent followed him. He says after watching him for some time appellant obtained a ladder and ascended to a window at the rear of one of the buildings and went through the window and he could see nothing further of appellant at that time. He then went back and took his station where he originally stood, and later saw

appellant a few feet up this flight of steps handing the soldier below him a bottle which he thought was a pint bottle; that it had some fluid in it of a brown color. The soldier left and joined the other two soldiers. They proceeded down the street. He watched them until they went into a cigar and fruit stand; that appellant finally made his appearance, at the same point, and went in where they were. He followed and noticed that one of the soldiers gave appellant a torn two dollar bill. When this occurred appellant reached down to his hip pocket and partially withdrew from it a flask of whisky. Upon seeing Brent he returned the whisky to his pocket. The soldiers went away and Brent arrested appellant. Appellant's testimony denied these transactions, and the fruit vender testified that he was present all the time that Brent said these matters were occurring and that such things did not occur either as to the money, or the conversation of the soldiers, or as to the attempt of appellant to get whisky from his pocket. This is substantially the case on the main facts. In addition, however, we may state that Brent was asked what the bottle contained that he saw appellant give the soldier on the flight of steps. He said he did not know, or anything about it more than he just saw the bottle pass. The distance between himself and this transaction is not stated, but it was the width of the street.

Taking this case from any standpoint, there is not sufficient evidence to show that appellant let the soldier have whisky. At the fruit stand there was no whisky passed. He may have intended, under Brent's testimony, to let the soldier have the pint of whisky he says appellant had in his pocket. Brent prevented it if such was his purpose. The transaction on the flight of steps is not of such importance and the testimony is not of such value as to indicate that it was whisky so as to justify a conviction from that view point. It could have or may have been whisky, but the presumption of innocence and reasonable doubt are in favor of defendant, and under the rules of circumstantial evidence it must be sufficient to exclude every reasonable hypothesis except the guilt of defendant.

There is quite a lot of other testimony in the case bearing upon collateral matters, the impeachment of Brent, etc., but these are not discussed.

Believing that the evidence is not sufficient to justify the conviction, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

January 21, 1920.

DAVIDSON, PRESIDING JUDGE.—The county attorney of Galveston County has moved for a rehearing and an affirmance of the judgment.

His contention is that we were in error in the decision and the basis of it as announced. His motion for rehearing is based upon the idea that appellant was convicted for procuring intoxicants for a United States service man and not for giving or selling. The pleadings charged a violation of the various phases of the statute, including giving, selling, procuring, and all other means. This is legitimate where the statute provides a thing may be done one way or another, or in different ways. They all may be charged in the same indictment or information conjunctively.

The matter is stated in the most general way in the opinion, and the case was decided not so much upon a technical accuracy of a statement of the case in the court below; but from the broad proposition there was no violation of the law under any phase of it, there being nothing to show the intoxicant was delivered to the marine. As we understand this statute, it is based upon the idea that a soldier or a marine should not be permitted to drink intoxicants, and that anyone who furnished such intoxicants so that they could or did use it should be punished. We do not understand that the object and purpose of the statute was to punish people unless they did so furnish, either directly or indirectly, such intoxicants to the soldier, or placed it in such position he could use it. It does not denounce and punish those who intend to convey to a marine or soldier intoxicants, or even attempted to do so and failed. The broad underlying principle, as we understand it, is that the soldier or marine must be placed in such relation and position to the intoxicants that he could obtain or use it, or both. We do not think the statute ought to be construed to go farther than to punish those who places the intoxicant in such relation as above stated. The intent of the accused is not the criterion. It is the fact or act denounced by the statutes. If the county attorney is basing his proposition upon the fact that appellant procured the intoxicant and should be punished under that clause of the statute, then it occurs to us that he disproved his own case before the jury. The evidence does not support such contention, but on the contrary excludes the idea that appellant procured the whisky from anybody. The opinion was based upon a broader proposition than that contended for by the county attorney in his motion, and really would give the State the benefit of more than it was perhaps entitled.

The testimony bearing upon the question of procuring, in its strongest light for the State, shows that appellant had a considerable amount of intoxicants in his room; that he got from that room a small bottle of whisky which he purposed selling to the marine; that after visiting his room and getting the bottle, either by preconcert or accidentally, he met the marine at a cigar and fruit stand, and had the whisky with him, and for the purpose of selling or delivering it to the marine. The facts are decidedly at issue as to what did occur at the cigar stand, but taking the State's case in its strongest possible

... it excludes the idea that appellant had procured the whisky from a body. The State proved it was his whisky, obtained from his own room, and the contention was that he was to sell or in some way convey the whisky to the service man. Under this statute a party cannot be charged with procuring whisky from himself for another. He had already procured and owned it. It was his property. The idea of procuring necessarily conveys and carries with it the idea that the thing procured must be gotten from some one other than the procurer, and under the statute charged to be violated for the purpose of conveying to the marine.

The county attorney cites us to a lot of definitions of the word "procure" as found in the Standard Dictionary. If those definitions are to be relied upon, then they exclude the State's case. They all carry the idea that he must get it from some one other than himself. If he already had it he would not fall within the definition of procuring. It was his property, and the question at issue, under such circumstances, would be whether or not he was selling or giving to the marine. Where there is nothing shown but an attempt to give or sell by the accused his own whisky to the marine or soldier, the doctrine of procuring passes out. It cannot apply.

We are further of opinion that in order to bring an accused within the terms of the statute under consideration, there must be a delivery in some such way that the service man gets the intoxicants, or it is placed where he can get it, and this means to the exclusion of the control of same by the alleged seller, giver or procurrer. There must be some sort of parting with possession by the accused, and some sort of possession in the party to whom it was intended to be given or sold. This may be a direct transfer and placing in possession, or it may be indirect. If the intoxicant is turned over to the purchaser personally, it would be in his possession. If it was turned over to another to be delivered to him, possibly this might be held against the accused under the statute, for he had parted with possession under these circumstances and placed it in the possession of the agent or some one for the benefit of the receiver. But it occurs to us that the controlling idea of this statute, and the reasoning for it, was to prevent the obtaining and use of intoxicants by those in the service of the United States in its army and navy, and that any act of an accused which would place the intoxicant within the power of the service man, to be used or so he could use it, might bring him within the statute.

After looking over the matter carefully we have reached the conclusion that there is nothing in the contention of the county attorney, and that the case made by the State disproved the allegation on the charge of procuring.

The motion for rehearing will be overruled.

*Overruled.*