466 P.2d 578

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert BUSH, Defendant-Appellant.**

**No. 10448.**

Supreme Court of Idaho.

March 12, 1970.

Rehearing Denied April 3, 1970.

Charles S. Stout, Boise, for appellant.

Robert M. Robson, Atty. Gen., Stewart A. Morris, Asst. Atty. Gen., Boise, H. Fred Kennedy, Pros. Atty., Elmore County, Mountain Home, for appellee.

McFADDEN, Chief Justice.

This is an appeal by Robert Bush, defendant-appellant, from a judgment of conviction of a misdemeanor for serving and dispensing beer to a person under 20 years of age. The statute under which he was tried and convicted provides:

I.C. § 23–1013. "It shall be unlawful for any person to sell, serve or dispense beer to or by any person under twenty (20) years of age, proof of which, for every resident of this state, shall be a valid driver's license or an identification card issued by the department of law enforcement."

The record reflects that on Saturday evening, March 9, 1968, the appellant had visited several bars in Mountain Home, Idaho, and was in the process of driving from one bar to another when he encountered Tim Gridley, a Mountain Home high school student, in another car at an intersection. Appellant asked Gridley if he would like a beer. Gridley testified that he told the appellant that he was not old enough to drink and refused the beer and drove home where he reported the incident to his father. His father advised Gridley to report the incident to the police, which he did.

At the police station at about midnight, Gridley gave a description of the appellant and his car and related the prior incident to the officers. Gridley's uncle, Charles Hoagland, an auxiliary state patrolman, was on patrol with an Elmore County deputy sheriff that evening and was at the police station when Gridley reported the incident. Gridley left the police station and went to Martin's Truck Stop in Mountain Home. His uncle and the deputy sheriff later observed Gridley at the truck stop and also saw appellant's car stop there. Hoagland called Gridley on the phone while he was still in the truck stop and told him to drive around the cafe and pick Hoagland up. Following his uncle's instructions, Gridley picked up Hoagland who laid down in the back seat out of sight. Gridley then drove away from the truck stop.

Appellant followed Gridley's car, flicking his lights from dim to bright to attract Gridley's attention. Gridley stopped at an intersection and appellant again asked him if he wanted to drink some beer. Although the evidence is conflicting, accepting the state's version, the record discloses that Gridley again told the appellant that he was not old enough to drink. Nevertheless Gridley agreed to follow the appellant and the two cars drove to the cemetery and stopped. Appellant, observing a police car approaching, stated that he didn't want to get "caught with this stuff" and suggested that they go elsewhere. The two cars then proceeded out to the "Job Corps Road" where the cars again stopped. During this time Hoagland was still hidden in Gridley's car.

Gridley, who had been wearing a high school letterman's jacket that evening which reflected that he would graduate in the class of 1969, got out of his car and walked back to appellant's vehicle. Gridley asked where the beer was, and appellant told him that it was in the car and to "go ahead and get it." After getting the beer from appellant's car, Gridley took it to his own car and Hoagland got out and told appellant to wait for the police. There is testimony in the record to the effect that the appellant then said: "You're pretty sneaky but I guess you caught me." The police then arrived and placed appellant under arrest. Appellant was charged in the justice court by complaint as follows:

"That Robert Bush of Boise, Idaho, on the 10th day of March, 1968 about 5 miles from Mtn. Home at a point on the Job Corps Rd. in the County of Elmore and State of Idaho,

"Then and there being, did then and there wilfully, knowingly, intentionally and unlawfully serve and dispense a certain beverage obtained by the alcoholic fermentation of an infusion or decoction of barley, malt or other in-

gredient with drinking water and commonly known as 'beer' to the said Tim Gridley who was then and there a child of under the age of twenty years, said child being then and there of the age of eighteen years, in violation of Section 23–1013 of the Idaho Code."

Appellant was convicted in the justice court of Elmore County of serving and dispensing beer to a minor. He appealed this judgment of conviction to the district court where he was again convicted by the court, a trial by jury having been waived. Appellant was sentenced to serve thirty days in jail, which sentence was suspended, and subjected to a fine of $150.00 plus court costs. Bush appealed to this court from that judgment.

One of the appellant's main contentions is that I.C. § 23–1013 applies only to persons engaged in the business of selling beer; i. e., he contends that it is applicable only to commercial transactions and is not intended to prohibit the dispensing of beer by a private citizen. He points out that other provisions of Chapter 10 of Title 23, of which I.C. § 23–1013 is a part, pertain to "retailers," "wholesalers," and "dealers" and prohibit selling and purchase of beer by those so designated. Moreover, he contends, the history of I.C. § 23–1013 indicates that it applies only to commercial transactions.

Throughout the legislative history of this particular code provision (I.C. § 23–1013),[1] the following phraseology has remained intact: "It shall be unlawful for any person to sell, * * *." Also, the definition of the term "person" has remained unchanged from its initial enactment in 1933 (S.L.1933 (E.S.) Ch. 3, § 1(b)), which provided:

"The word 'person' includes any individual, firm, copartnership, association, corporation or any group or combination acting as a unit, and the plural as well as the singular number unless the intent to give a more limited meaning is disclosed by the context."

This same definition of "person" is employed in I.C. § 23–1001.

█ There is no ambiguity in the use of the phrase "any person" in I.C. § 23–1013 in light of the definition of the term "person" as set forth in I.C. § 23–1001. To limit applicability of I.C. § 23–1013 to only "licensees" or to a commercial transaction would be destructive of the language employed by the legislature. We disagree with appellant's contention in this regard, and hold that the statute is applicable here.

█ Appellant also argues that because Gridley took the beer from the car, appellant did not "serve" or "dispense" the beer. The record reflects that appellant left the beer in his car and invited Gridley to go get it. The mere fact that appellant did not personally hand the beer to Gridley is not controlling. All that need be done was for the appellant to place the beer in a position where the minor could obtain it with the intention that the minor take it. There need be no direct physical transfer of the beer. See Wales v. State, 86 Tex.Cr.R. 183, 217 S.W. 384 (1920).

█ It is asserted by appellant that he did not know that Gridley was less than twenty years of age and therefore had no intent to violate the statute. We find it unnecessary to decide whether mistake or ignorance of age is a defense to a charge of violation of this statute (See: Annot. 12 A.L.R.3d 991, § 3 at p. 995) because there is substantial evidence in the record reflecting that appellant knew or should have known that Gridley was under age. This evidence includes Gridley's statement that he was too young to drink and the fact that Gridley was wearing a high school letterman's jacket with the number "69" on it, indicating the year of his graduation.

1. See 1933 S.L. (E.S.) Ch. 3, § 6; 1935 S.L. Ch. 132, § 6; 1937 S.L. Ch. 44, § 6; 1939 S.L. Ch. 242, § 1; 1947 S.L. Ch. 192, § 5; 1961 S.L. Ch. 299, §§ 3–4; 1967 S.L. Ch. 19; 1953 S.L. Ch. 72; 1967 S.L. Ch. 351.

As a final argument, appellant contends that the evidence shows a valid defense of entrapment and that the trial court erred in not so ruling. He argues that when he first stopped Gridley and offered him a beer, Gridley refused and there was no harm done. He points out that thereafter Gridley told his father and following his father's advice, reported the incident to the police. His uncle, an auxiliary state police officer entered Gridley's car and from that point on, appellant contends, there was an entrapment.

Entrapment, when established, is a defense to a criminal charge. State v. McKeehan, 48 Idaho 112, 279 P. 616 (1929). In State v. Mantis, 32 Idaho 724, 187 P. 268 (1920), this court stated:

"Intrapment into the commission of a crime is not a defense in the sense of a justification or excuse for an act which otherwise would be criminal, but it resolves itself into a question of whether the accused committed any crime. If the criminal design originated with him, or if he intentionally committed or carried out his own criminal purpose, whether it originated with him or not, at the suggestion of another person, the fact that someone other than the accused facilitated the execution of the scheme, or that an officer appeared to co-operate with him, will not be a defense." 32 Idaho at 727, 187 P. at 268.

The evidence on behalf of the state reflects that appellant was the movant in the series of events leading to the charge, and thus there was no such entrapment in this case as would constitute any defense. State v. Garde, 69 Idaho 209, 205 P.2d 504 (1949); State v. McKeehan, supra; State v. Whitlock, 82 Idaho 540, 356 P.2d 492 (1960).

The judgment of conviction is affirmed.

DONALDSON, SHEPARD, and SPEAR, JJ., concur.

McQUADE, Justice (concurring specially).

Prosecutions under I.C. § 23–1013 in situations not involving a commercial transaction may modify the safeguards afforded parents in I.C. § 23–1023. Parents and friends of parents may be prosecuted for serving minors beer in the privacy of their residences, despite the presence and permission of parents.

This anomalous situation is, however, justified by the ambiguous language of I.C. § 23–1013. The term "dispense," as used in that section and in I.C. § 23–1012 appears to refer only to commercial sales of beer. This ambiguity is scarcely tolerable in a statute which is penal in nature. Still, the courts must apply the law as the legislature has written it. We must look to the legislature to safeguard the citizens of Idaho from the jeopardy of a criminal conviction under I.C. § 23–1013 for "dispensing" beer to their children and their friends' children in the privacy of their own homes. I call attention to that body to make its intention clear and unambiguous.