# State of Vermont v. Randy S. Francis

[568 A.2d 389]

No. 85-524

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed October 13, 1989

*John T. Quinn*, Addison County State's Attorney, and *Adele V. Pastor* (On the Brief), Middlebury, for Plaintiff-Appellee.

*Robert Sheil, Karen L. Golden* and *Ken Messing*, Law Clerk (On the Brief), Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant was convicted after a court trial of knowingly dispensing a regulated drug (marijuana), 18 V.S.A. § 4224(g), and was sentenced to a term of from eighteen months to three years. He appeals his conviction and we affirm.

On the date of the alleged offense, February 16, 1985, defendant was incarcerated at the Addison County Jail in Middlebury,

serving fifteen weekends on unrelated charges. On January 12, 1985 another inmate, Rocky Blaise, told deputy sheriff Robert Stebbins that defendant had shown him on the previous day five hand-rolled cigarettes which Blaise believed may have been marijuana. Blaise thereafter told Stebbins on two occasions that he thought that defendant Francis had brought marijuana into the facility. On the afternoon of February 16, Blaise told Stebbins that he had seen defendant and another inmate counting a small number of marijuana cigarettes in the other inmate's cell and that he saw the other inmate give defendant a cigarette. Stebbins asked Blaise to see if he could obtain marijuana from defendant, and Blaise testified that while defendant declined to sell marijuana, "he'd be willing to let me smoke some with him."

Defendant's version of the events, with which the State essentially agrees, is that during the evening of February 16 defendant, Blaise and two other inmates went into a bathroom to share "a common use of the same cigarette." One of the four, Gary Utter, testified that after he lit the cigarette, he passed it to defendant, who then passed it to Blaise, who then ran away with it, proceeding directly to Stebbins with the cigarette. While defendant does not concede that he supplied the marijuana, the trial court found that it was defendant who removed the cigarette from a towel rack in the bathroom.

Defendant was charged with dispensing a regulated drug under 18 V.S.A. § 4224(g) and found guilty. At the sentencing hearing, the State asked the court to impose a substantial sentence for purposes of both general deterrence and to indicate the seriousness of the drug problem in correctional centers throughout Vermont. Over objection of counsel, a county sheriff addressed the court and asked that a lengthy sentence be imposed because of the problem. Defendant posed similar objections to the "victim's statement" portion of the presentence investigation (PSI), which contained statements from other correctional facility officials who expressed similar views. In imposing sentence the trial judge stated:

I'm confident that what we do here will become known among the inmate populations of the correctional facilities of this state . . . I think the message will get there. And also, we're dealing with the jail-wise, street-wise population who use their ability to get contraband into the facilities as a power tool over other inmates in the facility . . . I do think that the street-wise, jail-wise people who use contraband as a power source within the facility do risk[-]benefit analysis with regard to their conduct and act accordingly.

## I.

Defendant argues first that he did not "dispense" marijuana within the meaning of the statute. "Dispense" is defined in 18 V.S.A. § 4201(7) as including "distribute, leave with, *give away*, dispose of, or deliver." (Emphasis added.) The trial court found that "[a]fter lighting and smoking part of the cigarette, the Defendant *gave* it to Mr. Blaise." (Emphasis added.) Defendant asserts that since he and the other inmates were sharing the marijuana cigarette, defendant "did not 'give away' anything." The word "dispense" does not require an act imbued with any special formalities. See *State v. Bush*, 93 Idaho 538, 540, 466 P.2d 578, 580 (1970) (leaving beer in back seat of car with intention that minor take it sufficed as "dispensing"). Defendant does not deny that he passed the cigarette to Blaise, but argues that common use of the lit cigarette by the several inmates is inconsistent with the conclusion that anything was given away. At most, defendant's is a semantical point. The fact that the cigarette was lit when defendant gave it to Blaise suggests that defendant consumed at least a small amount of the marijuana, and consequently he could not have given Blaise a full cigarette. It is equally clear that after that small amount had been consumed, defendant "gave" the balance of the regulated substance to Blaise. Whether he intended that the *cigarette* return to him or not, there is no question that he "left with," "gave away," or "delivered" at least some *marijuana* to Blaise. The statute required nothing more.

Defendant incorrectly argues that the trial court grounded its conclusion that defendant "gave it to Mr. Blaise" on the fact that Blaise, contrary to defendant's intention, fled the scene with the cigarette, rather than passing it on and thereby consummating the "dispensing." We agree that if the act of dispensing by defendant required that the cigarette come to a state of repose with another, Blaise's unexpected flight with the cigarette would not suffice to reflect defendant's intention to dispense. We conclude, however, that the giving of the substance—the marijuana—was complete when defendant handed Blaise the cigarette. Whether he smoked it or fled with it became immaterial at that point.

Defendant relies on *Commonwealth v. Wooden*, 13 Mass. App. 417, 433 N.E.2d 1234 (1982). The court in that case concluded the prosecution had not demonstrated an intent to distribute marijuana and cocaine; however, the only evidence of distribution was that each substance had been divided into six packets. There was no evidence of any attempt to give, leave with, or deliver either substance to anyone, in contrast with the facts found at trial here.

■ Nor do the facts in this case support defendant's argument that he did not dispense the marijuana because he and other inmates "jointly possessed" it. The central issue is whether defendant at any time dispensed the substance. The court found that it was defendant who produced the drug, and concluded that his actions fell within the scope of the statute. Characterizing the mode in which the substance was used after dispensing as "joint ownership" does not negate that finding or conclusion.

■ Defendant next urges that this Court characterize defendant's conduct as a de minimis infraction, one not appropriately considered as the most serious offense in the continuum of offenses set forth in 18 V.S.A. § 4224(a)–(g). Section 4224(g) covers a wide range of potential conduct. Some of that conduct arguably involves a more serious criminal infraction than other conduct. The Legislature chose to treat the giv-

ing away of a regulated drug as a felony. The inclusion of even more serious offenses in the same statutory section does not of itself render that determination irrational. This Court will not overturn legislative choices as to the relative weight accorded to different classes of acts within a statute proscribing broad areas of conduct unless no "rational basis serving a legitimate public policy objective can be articulated in defense of the challenged statutory classification." *State v. Stewart*, 140 Vt. 389, 402, 438 A.2d 671, 677-78 (1981) (embezzlement statute singling out certain classes of agents for harsher treatment than others is constitutional); see *United States v. Richards*, 737 F.2d 1307, 1310 (4th Cir. 1984), *cert. denied*, 469 U.S. 1106 (1985) (legislative decision to treat trafficking in marijuana more harshly than trafficking in other nonnarcotic controlled substances did not violate defendant's equal protection right); *State v. McInelly*, 146 Ariz. 161, 163, 704 P.2d 291, 293 (1985) (legislature is free to criminalize the transportation of marijuana separately from, and more severely than, mere possession); *State v. Ennis*, 334 N.W.2d 827, 834–36 (N.D.), *cert. denied*, 464 U.S. 992 (1983) (legislature may include marijuana as a Schedule I drug, despite debate over whether it has a "high potential for abuse").

## II.

■ Defendant attacks the sentence rendered by the trial court, arguing that it was disproportionate to his acts and that the trial court gave undue or improper consideration to the victim's statement as well as other factors. The State aptly responds that the sentencing issue was not preserved for appeal because defendant failed to object to the sentence in the trial court. *State v. Nash*, 144 Vt. 427, 433, 479 A.2d 757, 760 (1984). However, even on its merits the sentence was not improper. Defendant characterizes his actions as smoking one marijuana cigarette with another inmate. Defendant does not advise this Court why the trial judge should not have considered the fact that a correctional facility was the locus of the activity. The sentence of eighteen months to three years was less than might have been imposed under 18 V.S.A. § 4224(g), and was not in-

consistent with conviction for dispensing marijuana in a correctional facility.

■ Nor was it error for the court to consider statements by corrections officials in the PSI report. Defendant contends that because State Corrections Department officials were not "victims" within the meaning of 28 V.S.A. § 204(e), their testimony about the seriousness of the drug problem in Vermont correctional facilities was not properly included in the PSI. This argument would effectively limit courts to "victim's" information in sentencing considerations, excluding a wide range of other factors that have long been proper for courts to weigh. For example, 28 V.S.A. § 204(a) states:

> A court, before which a person is being prosecuted for any crime, may in its discretion order the commissioner to submit a written report as to the *circumstances of the alleged offense* and the character and previous record of the person, with recommendation.

(Emphasis supplied.) V.R.Cr.P. 32(c)(2) allows the PSI to cast a wide net for any relevant information that the court might require. *State v. Chambers*, 144 Vt. 377, 383, 477 A.2d 974, 979 (1984). Inclusion of comments about the problem of drugs in correctional facilities under the victim's statement rather than in a more appropriate part of the PSI does not taint the information. The case at bar is distinguishable from *State v. Neale*, 145 Vt. 423, 491 A.2d 1025 (1985), where the sheriff's testimony "contained unsubstantiated insinuations that the defendant was influencing his children to use drugs, and that the defendant was responsible in some way for the drug problem in Orange County schools." *Id.* at 436, 491 A.2d at 1033. On the facts of the present case, the defendant is a particular example of a general problem which the trial court had the right to consider and address, within its sound discretion.

In sum, defendant was convicted of dispensing marijuana in a correctional facility and argues that in sentencing the court should not have considered the problem of drugs in correctional

facilities and the possible deterrent effect of defendant's sentence on that problem. That argument may not be sustained.

*Affirmed.*

**Morse, J.,** dissenting. Defendant was sentenced to an eighteen-month to three-year prison term for "dispensing" a regulated drug in violation of 18 V.S.A. § 4224(g). His crime was sharing a marijuana cigarette among friends in a prison bathroom. While defendant might properly have been charged and convicted of possession, 18 V.S.A. § 4224(a), I do not believe that his actions constituted an offense under § 4224(g).[1] The matter is significant, because the potential penalty for violating § 4224(g) (imprisonment for not more than five years and a fine of not more than $10,000) is harsher than the penalty prescribed under the possession statute (six months or $500 for a first offense). Defendant's sentence greatly exceeds the maximum permissible for possession.

18 V.S.A. § 4224(g) provides in part:

A person knowingly and unlawfully manufacturing, cultivating, compounding, dispensing, administering, prescribing, or selling for a consideration a regulated drug shall be imprisoned . . . .

The statutes define the term "dispense" as follows:

"Dispense" includes distribute, leave with, give away, dispose of, or deliver.

18 V.S.A. § 4201(7). The Court concludes that defendant "gave away" some marijuana and therefore "dispensed" it under § 4224(g).

I cannot agree. Sharing a lit marijuana cigarette—"passing a joint"—does not constitute "dispensing" as that term is com-

---

[1] The statutes have since been amended and recodified. See 18 V.S.A §§ 4230–4248. The crime alleged here would not even arguably be a felony under the recodification. Section 4230(a)(1) makes possession of small quantities of marijuana a misdemeanor, and § 4230(b)(1) makes its sale in small quantities a felony. The term "dispensing" does not appear. Since defendant was not alleged to have sold marijuana, he could, today, only be prosecuted under the "possession" provision.

monly understood or as defined in § 4201(7). The State has pointed to no cases that construe the term in such sweeping fashion.[2] The term, rather, connotes a more controlled activity, much as a pharmacist dispenses medicines. Black's Law Dictionary defines the verb "dispense" as "to weigh out, pay out, distribute, regulate, manage, control." Black's Law Dictionary 423 (5th ed. 1979). As with any criminal statute, we are compelled to construe the terms of § 4224 strictly in defendant's favor. See *State v. Oliver*, 151 Vt. 626, 629, 563 A.2d 1002, 1004 (1989).

Black's definition was cited by the Fifth Circuit Court of Appeals in *Palmer v. United States*, 340 F.2d 48, 50 (5th Cir. 1964), *cert. denied*, 381 U.S. 903 (1965), which stated:

> The term is particularly appropriate as applied to drugs, and a "dispensary" is a place where a drug is prepared or distributed. In context, the significance of the term is apparent: Congress felt that in the regulation of drugs the broad term "dispense" was more appropriate to the congressional purposes of the legislation than the more narrow term "sell". The statutory scheme establishes lawful methods for dispensing drugs upon prescription; anyone dispensing drugs outside of the statutory scheme violates the law.

*Id.* (citations omitted). The defendant in *Palmer* had arranged sales of two "different lots of amphetamine drugs." *Id.* at 49. Even though the court construed the term "dispense" as being "broad," it clearly did not contemplate a use of the term so broad as to encompass sharing a marijuana cigarette.

---

[2] The sole case cited by the Court on this point is *State v. Bush*, 93 Idaho 538, 466 P.2d 578 (1970). In that case, the defendant was convicted of violating a statute making it "unlawful for any person to sell, serve or dispense beer to . . . any person under 20 years of age," after he repeatedly urged a minor to help himself to beer in the defendant's car, which the minor proceeded to do. *Id.* at 539, 466 P.2d at 579. The court held that "serving and dispensing" need not entail a commercial transaction. *Id.* at 540, 466 P.2d at 580. The court did not, however, independently construe the term "dispensing." In a special concurrence, Justice McQuade expressed concern over the ambiguity in the statute, noting: "The term 'dispense,' as used in [the statute,] appears to refer only to commercial sales of beer." *Id.* at 541, 466 P.2d at 581 (McQuade, J., concurring).

The Supreme Judicial Court of Massachusetts recently construed a state statute prescribing penalties for any person who "knowingly or intentionally manufactures, distributes, dispenses, or possesses with intent to manufacture, distribute or dispense a controlled substance." *Commonwealth v. Perry*, 391 Mass. 808, 811 n.2, 464 N.E.2d 389, 392 n.2 (1984). Noting that the entire statutory scheme authorizes a physician "to prescribe medically necessary controlled substances if required procedures are followed," the court stated: "The primary purpose of the prohibition against dispensing is to require practitioners to register with the Commissioner of Public Health and to keep records and maintain inventories." *Id.* at 812 n.3, 464 N.E.2d at 392 n.3 (citation omitted). Again, the term "dispense" contemplates a controlled procedure for prescribing and distributing drugs, one that might mistakenly be thought by consumers to be officially authorized—not the mere sharing of a cigarette. See also *United States v. Badia*, 490 F.2d 296, 298 n.4 (1st Cir. 1973) ("the reason Congress included the term 'dispense' in [the Comprehensive Drug Abuse Prevention and Control Act of 1970] was to compel physicians to become properly licensed").

The result in this case, in my opinion, is a manifest injustice. There is *no* evidence that defendant ever sold drugs. He was not a dealer. He did not even pass out cigarettes among the inmates. All he did was to share the marijuana cigarette he was smoking. For this defendant was charged with and sentenced for a felony, when ordinarily he would have been tried for misdemeanor possession.

The State's concession at the sentencing hearing, that a thirty-day sentence would have sufficed had the offense occurred in the community,[3] is telling. Defendant was charged un-

---

[3] The deputy state's attorney testified before the sentencing judge as follows: It's clear from the presentence report that there is drug use in almost all of our correctional centers throughout the state. That it's a problem. It encourages a power structure within the facilities. . . . You're essentially dealing with a captive audience in the literal sense. So, I would ask the

der the "dispensing" statute and punished under its grievous terms because he committed the offense of "passing a joint" while he was incarcerated. That offense would be a misdemeanor if committed on the street, but was here turned into a felony. The Legislature, however, has not chosen to enhance the penalties for marijuana possession when the situs is a correctional facility. It clearly has the power to do so, see 18 V.S.A. § 4224(h) (enhancing penalty for selling or "dispensing" to a minor), but it has not exercised that power. See *Liparota v. United States*, 471 U.S. 419, 424 (1985) (definition of elements of a crime entrusted to legislature). In my view, the State incorrectly took it upon itself to implement a policy of enhanced penalties for marijuana possession in a correctional facility.

I would reverse. Justice Dooley joins in this dissent.

---

Court in this case to send a clear message and the message isn't really addressed to the general public that marijuana shouldn't be smoked in the jails. It's addressed to the inmates who are already doing sentences. So, I'm concerned that the type of sentence that might be given out in a normal marijuana case of thirty days or something is maybe of very little consequence to an inmate who is already serving a sentence.