(No. 18956.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE FINLEY, Plaintiff in Error.

*Opinion filed October 25, 1928.*

CHARLES A. KARCH, and PHILIP G. LISTEMAN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, FRANK M. RAMEY, State's Attorney, and ROYCE A. KIDDER, (LESTER K. VANDEVER, of counsel,) for the People.

Mr. Justice Farmer delivered the opinion of the court:

George Finley was indicted by a grand jury at the November term, 1925, of the circuit court of Montgomery county for the alleged violation of the Illinois Prohibition act. The indictment contained three counts, of which the first and third charged defendant with unlawfully possessing intoxicating liquor on or about September 12, 1925; and the second count charged him, on the same day, with unlawfully transporting certain intoxicating liquor "fit for use for beverage purposes" and "containing more than one-half of one per cent of alcohol by volume." Defendant entered a plea of not guilty, and upon his first trial the jury failed to agree. The second trial, had during November, 1926, resulted in a verdict of guilty as charged in the indictment. A motion for new trial was overruled by the trial court, and, after vacating the verdict of the jury as to all counts except the second, the court rendered judgment thereon and sentenced defendant to the Illinois State farm for a period of 120 days and to pay the costs of the prosecution. Defendant sued out a writ of error to the Appellate Court for the Third District, where the judgment was affirmed, and he has brought the case here by writ of error to review the judgment.

The material facts developed upon the trial are substantially as follows: Fred Brown and plaintiff in error (whom we shall hereafter refer to as defendant) were on and prior to September 12, 1925, in possession of a house located near Hillsboro, in Montgomery county. A deputy sheriff of that county secured a search warrant for the purpose of searching the premises of Brown and Finley, and with another deputy sheriff, a constable and two other men went out to the premises in the evening of the date mentioned. Defendant was not at home but Brown was present, and the officers proceeded to search the house. While the officers were on the premises defendant drove up to the house

in a Chevrolet touring car. Deputy sheriff Walls had been listening for the car, and at the time defendant stopped his car near the house the officer turned a flashlight on him and told him he (the officer) had a search warrant for him. Defendant grabbed for a long-handled hammer in the back seat of the car but missed getting hold of it. The other deputy sheriff arrived at the car about this time and saw a jug wrapped in a sack sitting on the floor of the car just to the right of defendant's feet. The deputy sheriff took hold of the jug and defendant lay on top of it. A scuffle took place between defendant and the officers, and the former succeeded in getting the jug away from the officers, lifted it up and threw it out of the car on the left-hand side. The jug either hit the corner post on the left of the windshield of the car or else went through the windshield. The blow caused the jug to break into many pieces and the entire contents were spilled over the car, upon the ground and also upon the clothes of defendant and the two deputy sheriffs. An effort was made by one of the officers to save some of the jug's contents, but that was not accomplished. The two deputy sheriffs testified that the contents of the jug smelled like "mule" or "mule alcohol," and that immediately after the jug was broken defendant said, "I don't give a damn now; you have not got anything to show for it;" and also, "There goes your damned evidence." The constable and one other witness for the State who were present testified the jug's contents smelled like alcohol or "mule." There was no testimony offered by defendant, and the State was unable to furnish a chemical analysis of the alcoholic content of the liquid.

The chief contention of defendant is that the verdict is not sustained by the evidence, for the reason that the State failed to prove the contents of the jug contained alcohol in excess of one-half of one per cent by volume and was fit for beverage purposes, both of which were material allegations in the indictment. It is true, no witness did or

could state the alcoholic content of the liquid in the jug, and hence there was no direct evidence on that point or that the jug's contents were fit for beverage purposes. In the case of *People* v. *Berglin,* 309 Ill. 488, this court said, in substance, that in a prosecution for possessing intoxicating liquor, if the evidence shows that by chemical test the sample of liquor dipped from the toilet in the bath-room of defendant's house, where he had poured it, contains an unlawful quantity of alcohol by volume, it is not necessary for the People to prove that the liquor was fit for beverage purposes. That case was one where the defendant also attempted to destroy the evidence by emptying the containers in which the liquor was kept. The circumstances here are somewhat similar and as presented by this record are so strong and convincing that any intelligent jury would have been warranted in arriving at the conclusion reached in this case. Defendant offered no evidence whatever. The State's witnesses recited the extraordinary effort put forth by defendant to keep the officers from taking the jug, the breaking of the jug by defendant, and his exclamations thereafter that he had destroyed the evidence. The proof shows that part of the jug's contents was spilled over the officers' clothes and that the liquid smelled like "mule" or alcohol. If it was not such liquor as is forbidden by the law to be transported or possessed, why was it so necessary that it be destroyed or placed without the reach of the officers? Defendant makes no complaint of not having had a fair trial. The trial court denied a motion for a new trial, and that court's action has been affirmed by the Appellate Court for the Third District. The jury were satisfied, beyond a reasonable doubt, of the guilt of defendant, and we are not disposed to interfere with these former conclusions.

The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*