(No. 25520.—)
THE CITY OF CHICAGO, Appellee, *vs.* REBECCA HUNT, Appellant.

*Opinion filed June 14, 1940—Rehearing denied October 2, 1940.*

Ellis & Westbrooks, (Richard E. Westbrooks, of counsel,) for appellant.

Barnet Hodes, Corporation Counsel, (Alexander J. Resa, and L. Louis Karton, of counsel,) for appellee.

Mr. Justice Shaw delivered the opinion of the court:

By this appeal, Rebecca Hunt, who was penalized by it, questions the constitutionality of section 4210 of the Revised Chicago Code of 1931, which imposes a penalty for "making or aiding in making an improper noise, riot, disturbance, breach of peace, or diversion tending to a breach of the peace, within the limits of the city." She also questions the sufficiency of the complaint under which a penalty of $25 was recovered by the city in a civil action.

Appellant contends that the ordinance is not sufficiently certain and definite to permit an average person, after reading it, to determine whether or not he would incur a penalty under its provisions. She also charges that the amended complaint is insufficient to charge a violation of the ordinance even if it is held to be valid. It will thus be seen that the case falls into two divisions exactly like *People* v. *Green*, 368 Ill. 242, and that that case definitely controls this one.

In the *Green case* we held that a statute which provided: "Any person who drives any vehicle with a wilful or wanton disregard for the safety of persons or property is guilty of reckless driving," was sufficiently definite and certain. In that case we fully considered many authorities on the subject and it would unnecessarily prolong this opinion to repeat here what we said there. We laid down the rule to which we now adhere that if the legislative body uses words having a common law meaning or a meaning made definite by statutory definition or previous judicial construction, it may strike directly at the evil intended to be curbed, leaving it to the pleader to state facts bringing the case within the statutory definition and to the judicial department of government to interpret the application of the act to the facts stated.

In that same case we also fully discussed the requirements of a complaint under an act which did not itself aver what facts would be a violation of its provision and a full discussion of the authorities pertinent to that point will be found in that opinion. In the case at bar the amended complaint contained not only the language of the ordinance but added "in that the said Rebecca Hunt did then and there in a place of public resort, to-wit: 3124 East 91st street, in the presence of a large number of persons, while in an intoxicated condition, did loud and boisterously threaten, abuse and did address to many persons then and there present, vile, obscene and profane language in violation of section 4210 of the Revised Chicago Code of 1931." This information charged facts, not conclusions. It specified the time and place of her disobedience and the acts specifically relied upon for the imposition of a penalty against her. The arguments against its insufficiency are trivial and without merit.

We find no error in the record and the judgment is affirmed.
 *Judgment affirmed.*