**City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Leroy Lewis, Defendant-Appellant.**

**Gen. No. 48,076.**

First District, Third Division.
December 14, 1960.

Robert J. Golten, of Chicago, for appellant.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin and Harry H. Pollack, Assistant Corporation Counsel, of counsel) for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

The Municipal court of Chicago found defendant guilty of violating the "Disorderly Conduct" ordinance of the City of Chicago and imposed a fine of $10. A motion to vacate the judgment was made by defendant and denied. From that order defendant appeals.

The principal issue presented is whether the complaint charges the offense with the particularity required in cases of this kind. The complaint enumerates all the offenses set forth in the ordinance, but the particular charge against defendant is indicated by an "X." This charges that defendant on September 2, 1959 at the City of Chicago "did then and there violate the Municipal Code of Chicago, to-wit, (1) Did make or aid in making an improper noise, riot, disturbance, breach of peace, or diversion tending to

a breach of the peace, within the limits of the city. . . . in Violation of Chapter 193; Section 1, Sub. Sec. 1 of the Municipal Code of Chicago." The complaint was signed by William Thompson, the policeman who made the arrest. On the day following the arrest, after a hearing, defendant and several codefendants were found guilty and fined $10. Defendant's attorney explains that defendant was distressed by the "random nature" of his arrest, and hence the motion to vacate the judgment.

■ Under the law of Illinois, a suit to recover a penalty for violation of a city ordinance is governed by the rules of pleading and the laws relating to civil practice, and not by the rules and laws applicable to criminal proceedings. City of Decatur v. Chasteen, 19 Ill. 2d 204, 216, 166 N.E.2d 29; Village of Maywood v. Houston, 10 Ill. 2d 117, 139 N.E.2d 233; City of Chicago v. Williams, 254 Ill. 360, 98 N. E. 666; City of Chicago v. Dryier, 325 Ill. App. 258, 59 N.E.2d 700 (abst. opinion); City of Chicago v. Baranov, 189 Ill. App. 25.

■ Defendant recognizes that this is the law of Illinois but argues that the distinction is confusing and illogical. He feels that the time has come when this court should accept a new "enlightenment" and "convey the message" that it does not lend its sanction to summary and informal procedure by which innocent persons may be made the victims of "random arrest" and subject to hasty trial without knowledge of the character of their alleged offenses. But the actual pleading in this case does not bear him out. We feel it adequately informs defendant of the nature of his offense. The facts as he alleges them in his brief are that he and six other persons were arrested in an alleyway off South Millard Street in Chicago after a police officer had been notified that there was some

disturbance in the area. To demonstrate the particularity he would require, defendant's counsel asks rhetorically: "Was he allegedly noisy, riotous, profane, pugnacious, intoxicated, or indecent?" The complaint charges that defendant made an improper noise, riot and disturbance. This is substantially the same as saying he was engaged in a riot or made a noise. The date is put down as "2 day of Sept. 1959" and the place is stated as the City of Chicago. This advises the accused of the nature and cause of the accusation. It is adequate to enable him to prepare his defense. If the circumstances were such as to make a more detailed statement necessary or desirable, a motion to that end could have been made.

█ It is also argued that the complaint should have been sufficiently specific to enable defendant to plead the judgment in bar of a subsequent prosecution. Defendant would make his requirement of greater particularity an essential of jurisdiction. In other words, it would be the basis for a fatal variance upon proof. Our purpose should be to see that defendant is informed, not that he should have a technical basis for escaping conviction.

The complaint was on a printed form such as was used in City of Chicago v. Dryier, 325 Ill. App. 258, 59 N.E.2d 700 (leave to appeal denied 326 Ill. App. xv). The court approved that type of complaint, saying it took judicial notice of the great volume of business handled by the Municipal court of Chicago and that printed forms were necessary in order to handle its business expeditiously. That opinion was rendered in 1945. Since then, such prosecutions have multiplied and hundreds of cases are disposed of daily. The only difference between the complaint in the instant case and the one used in the Dryier case is that instead of striking out acts not charged, an "x" is placed in the square in front of the violation alleged.

192

Our courts have recognized the criminal aspect of proceedings for violations of city ordinances and have designated them as quasi-criminal. City of Decatur v. Chasteen, supra; Village of Maywood v. Houston, supra. At the same time it is definitely established, as we have before stated, that these proceedings are governed by rules applicable to civil practice. That there is an ambivalence here cannot be denied. Courts recognize that the vast array of regulatory ordinances governing the conduct of citizens in a modern community yield a host of minor offenders. Looking at the realities of the situation, they have determined that the technicalities required in criminal procedure should not apply. Where the question of the suppression of evidence illegally obtained was involved, they have preserved the right for those charged with violations of city ordinances. City of Chicago v. Lord, 3 Ill. App. 2d 410, 419, 122 N.E.2d 439. On the other hand, the defense of double jeopardy was held not applicable to an appeal from a judgment for violation of a city ordinance. Village of Maywood v. Houston, supra. The court there recognized that these conclusions had not been arrived at with rigid logical consistency, saying, page 119:

> "The proceeding is not strictly or exclusively civil or criminal, but resembles both in some respects. For this reason, problems in this area cannot be solved by a mere labeling process, and the decisions of the courts, in Illinois and elsewhere, do not always have apparent logical consistency. Approaches have varied, as have the results; but for the most part, at least in this State, the more common questions have been resolved."

Defendant cites City of Chicago v. Hunt, 374 Ill. 234, 235, 29 N.E.2d 86, as authority for the proposition that the complaint must charge facts and not conclu-

sions. There, the plaintiff, as in the instant case, was charged with violation of the "Disorderly Conduct" ordinance. The complaint also charged that the defendant while intoxicated "did loud and boisterously threaten, abuse and did address to many persons . . . vile, obscene and profane language." The court said at page 236: "This information charged facts, not conclusions. . . . The arguments against its insufficiency are trivial and without merit." The court at no point said that similar particularity would be a jurisdictional requirement of all such complaints. This is also true as to the particularity of the charge in City of Chicago v. Goldstein, 23 Ill. App. 2d 315, 16 N.E.2d 603 (abst. opinion).

Defendant cites decisions from other jurisdictions. We have examined those cases. We do not believe they represent any general movement toward placing violations of city ordinances on the same basis as criminal offenses with respect to pleading and procedure. The principal authority appears to be City of Canon City v. Merris, 137 Colo. 169, 173, 323 P.2d 614 (1958). The charge in that case was drunken driving in violation of a city ordinance. There was also a state law which made drunken driving a crime. The court held that the state having decreed such conduct a crime, "its counterpart in the municipal laws of Canon City must be tried and punished as a crime." There then followed a conclusion that the state having decreed that driving under the influence of liquor was a forbidden act, there was nothing left for the city to regulate. Whether this meant that the city had no power to enact the ordinance, the state having pre-empted the field, or whether it meant that prosecutions under such ordinances should be tried as criminal offenses is not clear. In any event, this is not the law of Illinois.

There is room for improvement, no doubt, but it would be of questionable wisdom to subject prosecu-

tions for violation of city ordinances to the rigid technical requirements of pleading in criminal cases. It would be no boon to defendants and would only add to the problems that now confront the courts in the disposition of these cases.

Judgment affirmed.

McCORMICK and DEMPSEY, JJ., concur.