(No. 39903.—

The City of Chicago, Appellee, *vs.* Judith Joyce, Appellant.

*Opinion filed September 29, 1967.*

Ira I. Silbar, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago, (Sydney R. Drebin and Ronald S. Cope, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Judith Joyce was arrested for disorderly conduct and for obstructing the sidewalk. After trial by jury she was found guilty on both charges and a fine of $100 was assessed for each offense. She appeals directly to this court claiming that she was deprived of her right of free speech, that the applicable ordinance is void for vagueness, that the complaints were not sufficiently specific, and that the jury was improperly instructed on the degree of proof necessary

for conviction. The Coordinating Council of Community Organizations has appeared as *amicus curiae*.

The appellant has filed what purports to be "excerpts from record on appeal," pursuant to present Rule 342 of this court (36 Ill.2d 142), and the appellee city filed a designation of additional excerpts. The appellant failed to include the additional excerpts as required by the rule, and the appellee has moved to dismiss the appeal for this reason.

The motion will be denied. There is no indication of bad faith in failing to include the additional excerpts, and a strict compliance with the rule is not jurisdictional. This court has full power to look at any portion of the record it deems relevant and it will do so under the circumstances present in this case.

The record shows that on June 11, 1965, at about 1:30 P.M. the defendant arrived at the city hall in Chicago to join a group of 30 or 35 others who were picketing in front of the building. The purpose of the behavior, apparently, was to protest what the group considered to be discrimination on the part of city and school officials. About an hour after defendant joined the affair, someone ran up shouting "They are arresting our people at Balbo and Columbus." Members of the group then sat or knelt on the sidewalk in front of the entrance to the building, the defendant placing herself in the middle of the sidewalk near the north door on LaSalle Street. The police officer in charge informed the group that they were blocking the entrances and exits to and from the city hall, and that they were obstructing the sidewalk. He allowed them to remain there for two minutes and then instructed them that they would have to leave or resume their picketing. The announcement was made three or four times. Defendant heard it but refused to move. Instead she remained kneeling for three minutes more and then sat down, interlocking her arms and legs with other members of the group sprawled on either side of her, with the result that people wishing

to use the sidewalk and entrances to the city hall were unable to pass. The officer explained to them that they were in violation of the law and unless they moved they would be arrested. The group still failed to comply, but started singing loudly. Defendant participated, singing in a very loud voice. She finally was placed under arrest and had to be carried to the patrol wagon.

We find no basis for the contention that such conduct constitutes an exercise of the rights of free speech and assembly. These rights do not mean that everybody wanting to express an opinion may plant themselves in any public place at any time and engage in exhortations and protest without regard to the inconvenience and harm it causes to the public. Constitutional guaranties of liberty imply the existence of an organized society maintaining public order, and the control of travel on streets and sidewalks is a clear example of governmental responsibility to maintain this essential order. (See *Cox* v. *Louisiana,* 379 U.S. 536, 554, 13 L. Ed. 2d 471, 484.) As the court observed in the case cited, a person could not "insist upon a street meeting in the middle of Times Square at the rush hour as a form of freedom of speech or assembly. Governmental authorities have the duty and responsibility to keep their streets open and available for movement. A group of demonstrators could not insist upon the right to cordon off a street, or entrance to a public or private building, and allow no one to pass who did not agree to listen to their exhortations." (379 U.S. at 554-555, 13 L. Ed. 2d at 484.) It is too clear for further discussion that defendant's conduct in sitting on the sidewalk, blocking the entrance to the city hall and obstructing pedestrian traffic has no connection with the constitutional protections she seeks to invoke.

Defendant next insists that the ordinances she was found to have violated are unconstitutionally vague. It does not appear that the objection was raised or passed upon in the trial court, and there is thus no ruling to review. It is

well settled that matters not raised or passed upon in the trial court cannot be presented for the first time in review. (*People* v. *Anderson,* 31 Ill.2d 262; *People* v. *Orr,* 10 Ill.2d 95; *Village of Lansing* v. *Hacker,* 7 Ill.2d 258.) We have nevertheless considered defendant's argument and find it to be without merit.

The contention that the complaints are not sufficiently specific must also be rejected. The one alleges, *inter alia,* that defendant committed disorderly conduct by making or aiding in making an improper noise and disturbance, and the other charges that she wilfully and unnecessarily hindered, obstructed and delayed persons lawfully traveling along the sidewalk. The date and place are specified in each. The appellant nowhere explains how she was misled or inadequately informed of the charges against her, and it is plain that both she and her counsel were well aware of the particular conduct which brought about the arrest. The complaints adequately advised the defendant of the nature of the offenses and were sufficient to enable her to prepare a defense. If defendant felt that a more detailed statement was necessary a motion to that effect could have been made. This she did not do. Under such circumstances there is no basis for claiming on review that the complaint is not specific enough. *City of Chicago* v. *Lewis,* 28 Ill. App. 2d 189.

It is finally contended that the court erred in instructing the jury that guilt must be established by "a clear preponderance of the evidence," defendant urging that the instruction should have required proof beyond a reasonable doubt. Relied upon are section 3—1 of the Criminal Code of 1961 providing in part that "No person shall be convicted of any offense unless his guilt thereof is proved beyond a reasonable doubt" (Ill. Rev. Stat. 1965, chap. 38, par. 3—1), and section 102—15 of the Code of Criminal Procedure of 1963 which defines offense as "a violation of any penal statute of this State or of any penal ordinance of its political subdivisions." (Ill. Rev. Stat. 1965, chap. 38, par.

102—15.) We cannot accept the argument. The Criminal Code of 1961, which requires proof beyond a reasonable doubt for conviction of an offense, contains its own definition of the word "offense." It says simply that " 'Offense' means a violation of any penal statute of this State." (Ill. Rev. Stat. 1965, chap. 38, par. 2—12.) No mention is made of ordinance violations (*People* v. *Behymer*, 48 Ill. App. 2d 218), and nowhere has the legislature expressed an intention to supplant this definition of the word, as applied to criminal code provisions, with the definition found in the Code of Criminal Procedure. In the absence of clear language to such effect the rule is not changed. Convictions for municipal ordinance violation are to be established by a clear preponderance of the evidence and do not require proof beyond a reasonable doubt. *Town of Lewiston* v. *Proctor*, 27 Ill. 414; *cf. City of Decatur* v. *Chasteen*, 19 Ill.2d 204, 216.

No error has been shown and the judgments will be affirmed.

*Judgments affirmed.*