THE VILLAGE OF MUNDELEIN, Plaintiff-Appellee, v. WILLIAM K. TAYLOR, Defendant-Appellant.

Second District No. 84—218

Opinion filed January 31, 1985.—Supplemental opinion filed on denial of rehearing March 11, 1985.

Brian S. Taylor, of Walsh, Case, Coale, Brown & Burke, of Chicago, for appellant.

William G. Rosing and Jeffrey C. Ericksen, both of Rosing, Applehans & Smith, of Waukegan, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, William K. Taylor, following a bench trial, was found guilty of delivering an alcoholic liquor to a minor in violation of village of Mundelein ordinance 80—5—16, section 2 (Mundelein, Ill., Ordinance 80—5—16, sec. 2 (1980)). Defendant was fined $260 and placed under court supervision for a period of one year.

Defendant raises three issues on appeal: (1) whether the village proved by a clear preponderance that defendant delivered an alcoholic liquor to another person under the age of 21 years; (2) whether the village proved by a clear preponderance that the liquid involved was an "alcoholic liquor"; and (3) whether the trial court erred in taking judicial notice that the liquid was an "alcoholic liquor."

The facts in the instant case have been agreed to on appeal by written stipulation of the parties in lieu of a verbatim transcript of the record. (87 Ill. 2d R. 323(d).) In sum, the agreed facts provide that defendant was charged with knowingly and unlawfully distributing a 12-pack of "Old Style Beer" to Debbie Warsaw and Erika Remikas, both minors, on the night of January 9, 1984.

At a bench trial, held on January 30, 1984, Debbie Warsaw testified that on January 9, 1984, at approximately 6 p.m. she, another female, and three male friends drove to Cardinal Liquors on Lake Street in Mundelein; that she and the other female entered Cardinal Liquors, asked what the price of beer was, purchased a pack of cigarettes, and left the store, returning to the car; that two males then entered the store and attempted to purchase beer, but were refused when they were unable to produce adequate identification; that she was seated in the front seat of the car between the two males when she saw defendant exit his car; that she asked defendant to purchase beer for her; that defendant, after hesitating, consented to make the purchase; that she

handed defendant a $5 bill; that defendant entered the store and returned shortly thereafter, handing a brown paper bag through the car window; that she saw two six-packs of "Old Style Beer" inside the bag; and that she was 16 years of age.

Erika Remikas next testified and substantially corroborated Warsaw's testimony. Remikas also added that the bag defendant handed through the car window contained two six-packs of "Miller Beer"; that they neither opened nor drank the beer; that they had left the unopened beer in a field; and that she was 15 years of age. On cross-examination Remikas stated that she was seated in the back seat of the car during the transaction.

James Shepard testified that on January 9, 1984, at approximately 6 p.m., he was employed as a stock boy for Cardinal Liquors; that the store owner told him to go outside and watch a car in which several youths were seated; that he saw defendant exit the store, hand a paper bag through the right front window of the car, and walk to another car; and that the car in which the youths were seated then drove away.

Barbara Brown testified that she was working as a salesperson for Cardinal Liquors on January 9, 1984; that at approximately 6 p.m. she sold defendant two six-packs of "Miller Beer" and a case of Coke; that she placed the two six-packs of "Miller Beer" in a brown paper bag, but did not put the sales receipt in the bag; and that plaintiff's exhibit No. 1 was the receipt from defendant's purchase. On cross-examination, Brown stated that although the sales receipt (plaintiff's exhibit No. 1) was for the same items, she could not positively identify the receipt as the same one from defendant's sale.

At the close of its case in chief, the village asked the court to take judicial notice that the beer delivered by defendant was an alcoholic liquor within the meaning of the applicable ordinance. No witnesses were presented on behalf of defendant.

During closing argument defendant asserted that since the "Old Style" or "Miller Beer" allegedly distributed to the minors was never recovered or examined, the village had failed to overcome its burden of establishing that the liquid delivered had an alcoholic content in excess of .5% as required under the applicable Mundelein ordinance. Defendant further maintained that judicial notice was improper because the alleged alcoholic liquid was not introduced into evidence, no chemical analysis was made of its alcoholic content, and no one had testified as to the alcoholic nature of the liquid other than to use the phrase "Miller Beer" or "Old Style Beer."

The trial court rejected defendant's arguments and ruled that it would take judicial notice that the liquid was an alcoholic liquor as defined by the applicable ordinance. Defendant was then found guilty,

fined $260, and placed under court supervision for a one-year period.

Village of Mundelein ordinance 80—5—16, section 2 (Mundelein, Ill., Ordinance 80—5—16, sec. 2 (1980)) provides, in relevant part, that:

> "No person, after purchasing or otherwise obtaining alcoholic liquor, shall sell, *give or deliver* such alcoholic liquor to another person under the age of twenty-one years except in the performance of a religious ceremony or service." (Emphasis added.)

Inasmuch as neither party has provided this court with the possible penalty provisions to be imposed for a violation of village of Mundelein ordinance 80—5—16, section 2, we will assume that such violations are only punishable by fine and not by a period of incarceration.

A prosecution for the violation of a municipal ordinance and to recover a fine or penalty, while quasi-criminal in nature, is civil in form and is tried and reviewed as a civil proceeding. (*Village of Mundelein v. Aaron* (1983), 112 Ill. App. 3d 134, 135, 445 N.E.2d 57.) Thus, the village bears the burden of proving the violation of its municipal ordinance by a clear preponderance of the evidence. See *City of Chicago v. Joyce* (1967), 38 Ill. 2d 368, 373, 232 N.E.2d 289; *City of Chicago v. Severini* (1980), 91 Ill. App. 3d 38, 42, 414 N.E.2d 67.

■ Defendant first contends that the village failed to overcome its burden of proving that the liquid in question was "delivered" to an individual under the age of 21 years. In support of this contention, defendant asserts that the evidence adduced at trial only showed that he handed a brown paper bag through the right front window of the car and does not reveal to whom the bag was handed, or that the two minor girls ever touched the bag or the containers of liquid contained therein. Defendant also maintains that there was no evidence indicating the age of the three males seated within the vehicle and that the possible delivery of the bag to one of them does not constitute constructive delivery by defendant to the minor girls.

Defendant has not cited, nor are we aware of, any authority which holds that in order to effectuate a delivery of an alcoholic liquor to a minor there must be an actual physical touching of the liquid in question by the minor. While we have found no Illinois cases addressing this precise issue, other jurisdictions, in related situations, have held that all that is required is that the defendant place the alcoholic beverage in a position where the minor could obtain it with the intention that the minor take it. See, *e.g., State v. Bush* (1970), 93 Idaho 538, 540, 466 P.2d 578, 580; *Wales v. State* (1919), 86 Tex. Crim. 183, 217 S.W. 384.

The uncontradicted testimony of both minor witnesses in the present case confirms that defendant was approached by Warsaw, a 16-year-old female, who, while seated in a car, asked the defendant to purchase beer *for her* and gave the defendant a $5 bill with which to make

the purchase; that defendant at first hesitated, but then consented to make the purchase; and that defendant returned and handed a brown paper bag containing two six-packs of "Miller or Old Style Beer" into the interior of their vehicle. Defendant was also seen handing the brown bag through the right front window of the vehicle by a store employee.

We are of the opinion that by deliberately purchasing the beer after having been so requested by 16-year-old Debbie Warsaw, and by placing the beer into the vehicle where the minor girls could obtain it, defendant effectuated a delivery to persons under the age of 21 years by a clear preponderance of the evidence.

■ Defendant next contends that the village did not establish by a clear preponderance of the evidence that the containers of liquid delivered to the minors contained an "alcoholic liquor" within the meaning of village of Mundelein ordinance 76—3—7, section 1, which defines an "alcoholic liquor" as any spirits, wine, beer, ale, or other liquid containing more than .5% of alcohol by volume which is fit for beverage purposes. (Mundelein, Ill., Ordinance 76—3—7, sec. 1 (1976).) Defendant asserts that the "Miller or Old Style Beer" was never recovered or submitted to chemical analysis, and there was no other evidence adduced at trial indicating the alcoholic content of the containers of liquid.

Thus, the issue presented by defendant is whether the evidence sufficiently established that the liquid in the "Miller or Old Style Beer" six-packs delivered was an alcoholic liquor containing more than .5% of alcohol by volume as defined by village of Mundelein ordinance 76—3—7, section 1.

In *Keeler Mart Liquors, Inc. v. Daley* (1978), 57 Ill. App. 3d 32, 372 N.E.2d 1049, cited in support by both defendant and the village, the primary issue on appeal was whether the evidence was sufficient to establish that cans of Schlitz beer, sold to a minor, contained in excess of .5% of alcohol by volume, as statutorily defined, where the contents of the cans were neither submitted to chemical analysis nor introduced into evidence. In resolving this issue, the appellate court held that while submitting the liquid to chemical analysis and introducing the results into evidence may be considered the preferred procedure, the alcoholic content of a product may be established by other competent evidence. (57 Ill. App. 3d 32, 35, 372 N.E.2d 1049.) The court then ruled that the competent unchallenged testimony of a minor, that he effected the purchase of an "alcoholic beverage" and that he recognized this transaction to have been illegal, was sufficient to establish that the product sold was an "alcoholic liquor" containing more than .5% of alcohol by volume.

Defendant maintains that since no one testified as to the alcoholic content or nature of the containers of liquid in the present case, *Keeler* mandates a finding that the "Miller or Old Style Beer" delivered was not an "alcoholic liquor" as defined by the Mundelein ordinance. We disagree with defendant's narrow interpretation of *Keeler*, which would in effect limit its application solely to cases where testimonial admissions are made by the purchaser. Instead, we interpret the *Keeler* decision as holding that the nature of a product may be circumstantially proved by any competent evidence.

Turning to the facts of the present case, we find sufficient competent evidence in the record from which it can be reasonably inferred that defendant delivered an "alcoholic liquor" as statutorily defined by the applicable Mundelein ordinance. Both Debbie Warsaw and Erika Remikas, the two minors, testified that they initially entered Cardinal Liquors to check the price of beer; however, they did not attempt to purchase it. Similarly, two of their male companions entered the same store and attempted to make a purchase of beer, but were refused when they failed to produce adequate identification. When these efforts proved unavailing, the minors then requested defendant to effectuate the purchase of beer. There is also evidence in the record indicating that an employee of Cardinal Liquors sold two six-packs of "Miller Beer" to defendant. Furthermore, Warsaw and Remikas testified that defendant handed through the car window a bag containing two six-packs which Warsaw described as "Old Style Beer," whereas Remikas testified the bag contained "Miller Beer."

The unrebutted evidence further established directly or by reasonable inference that an employee of a liquor store sold defendant in original containers, unopened, what was labeled either "Miller or Old Style Beer." From these factual circumstances, established by uncontradicted testimony at trial, the lower court could reasonably infer that what was contained in the six-packs was beer, and the beer was an "alcoholic liquor" within the meaning of the Mundelein ordinance. We reject the essence of defendant's argument that the municipality must put on proof of the alcoholic content by introducing into evidence the container itself or evidence of its contents through testimony of its examination and analysis. *Cf. People v. Gore* (1983), 115 Ill. App. 3d 1054, 1056-57, 450 N.E.2d 1342.

■ At the very least, we find the evidence adduced at trial sufficient to establish a *prima facie* violation of the applicable Mundelein ordinances. While the burden of proof remains with the village, once a *prima facie* violation is established, defendant may, but is not compelled, to rebut these reasonable inferences by introducing evidence to the contrary. (*Keeler Mart Liquors, Inc. v. Daley* (1978), 57 Ill. App. 3d 32,

35, 372 N.E.2d 1049.) Defendant chose not to present any evidence indicating that the cans of beer at issue contained less than .5% alcohol by volume, and we find no other evidence in the record from which this can be reasonably inferred. Accordingly, we conclude that the beer delivered by defendant was an "alcoholic liquor" as defined in village of Mundelein ordinance 76—3—7, section 1.

In view of our above analysis, we find it unnecessary to consider whether the trial court properly took judicial notice of the beer as an "alcoholic liquor."

For the foregoing reasons, the decision of the circuit court is affirmed.

Affirmed.

UNVERZAGT and SCHNAKE, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE REINHARD delivered the opinion of the court:

Upon our denial of the petition for rehearing filed by William K. Taylor, we find it necessary to briefly address one of the arguments raised therein. It is contended that the village of Mundelein must prove "beyond a reasonable doubt," rather than by a clear preponderance of the evidence, that Taylor violated the ordinance in question.

Not only did Taylor, as appellant, fail to provide in the record furnished us on appeal the ordinance in question and its penalty provision, but also he has not disputed the assumption in our opinion that the penalty provision did not provide for a period of incarceration. Instead, Taylor now raises, for the first time in the petition for rehearing, the argument that the standard of proof in this case must be beyond a reasonable doubt rather than by a clear preponderance of the evidence. A new contention cannot, for the first time, be urged in a petition for rehearing. (*People v. Mallett* (1970), 45 Ill. 2d 388, 397-98, 259 N.E.2d 241; 87 Ill. 2d R. 367.) Moreover, Taylor specifically acknowledged in the opening paragraph of the argument portion of his original brief that the village "was required to prove by a clear preponderance of the evidence that defendant delivered an 'alcoholic liquor' to 'another person under the age of twenty-one years.' " Accordingly, we adhere to our original opinion.

UNVERZAGT and SCHNAKE, JJ., concur.