PROFESSIONAL GROUP TRAVEL, LTD., *et al.*, Plaintiffs-Appellants, v. PROFESSIONAL SEMINAR CONSULTANTS, INC. *et al.*, Defendants-Appellees.

Second District   No. 84—413

Opinion filed May 21, 1985.—Supplemental opinion on rehearing filed November 1, 1985.

Paul G. Simon and Robert L. Cimala, both of Keck, Mahin & Cate, of Chicago, for appellants.

Frederick J. Sperling, Terence J. Moran, and Richard J. Hoskins, all of Schiff, Hardin & Waite, of Chicago, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiffs, Professional Group Travel, Ltd. (PGT), and International Professional Meeting Coordinators, Limited (IPMC), appeal from an order of the circuit court of Du Page County which granted the motion of defendants Professional Seminar Consultants, Inc. (PSC), and Marvin E. Weisberg (Weisberg) to dismiss this cause based on the doctrine of *forum non conveniens*. Defendants have filed a

cross-appeal, citing as error the trial court's denial of their motion to dismiss for lack of *in personam* jurisdiction. Because we find that personal jurisdiction was lacking, we reverse the order of the trial court denying defendants' motion which was filed on that basis. As this disposition makes unnecessary our consideration of the *forum non conveniens* issue, we vacate the trial court's order dismissing this cause which was based on the availability of a more appropriate forum.

PGT and IPMC are, respectively, a New York corporation and a New York based subsidiary of a New York corporation engaged in the business of providing travel and related services to medical professionals attending seminars and medical education programs. PSC and Weisberg are, respectively, a New York corporation engaged in the same business as are PGT and IPMC, and a New York resident who is the president of PSC.

As part of their business, plaintiffs enter into contracts with sponsoring organizations to cooperate in the presentation of seminars and programs. Certain of these sponsoring organizations, comprised of profit and nonprofit membership organizations, are certified by the Accreditation Council for Continuing Medical Education (Accreditation Council) as a provider of Continuing Medical Education (CME), which allows such organizations to certify CME credits and/or attendance for seminars and medical education programs.

In 1980, PGT entered into agreements with Doctors' Club, Inc. (DC), and the Doctors' Club, International, Inc. (DCI), to cooperate in the presentation of seminars and continuing medical education programs abroad. DC is a Florida corporation with offices in Fort Lauderdale, Florida, and DCI is a Delaware corporation with offices in Fort Lauderdale, Florida and Oceanside, New York. Subsequently, IPMC entered into similar agreements with DC and DCI. DC was certified by the Accreditation Council as a provider of CME.

On October 4, 1982, PSC filed a complaint against DC and DCI in Broward County, Florida (Florida lawsuit), alleging deceptive trade practices by DC and DCI. On July 15, 1983, defendants here (PSC and Weisberg) entered into a stipulation and agreement (Florida agreement) with DC, DCI, and Dr. Mauricio De Almeida, a resident of Florida and president of DC and DCI, to settle the Florida lawsuit. Pursuant to the Florida agreement, De Almeida sent several letters, one of which was addressed to Frances Maitland (Maitland), the assistant secretary to the Accreditation Council in Lake Bluff, Illinois, and which plaintiff alleged was sent by or at the direction of defendants containing false and defamatory statements about plaintiffs. Another letter was sent pursuant to the Florida agreement by De Al-

meida to the Postmaster of the Oceanside Post Office in Oceanside, New York, copies of which were also sent by De Almeida to postal officials at United States Post Offices in Brooklyn and Rockville Center, New York and in Washington, D.C.

In the letter to Maitland, De Almeida complained that plaintiffs had been sending out promotional brochures advertising professional courses and medical seminars that used DC's and DCI's names and DCI's nonprofit postal permit without the knowledge, consent, or authorization of DC or DCI. De Almeida further stated that although the brochures claimed that the courses and seminars had been accredited for CME by DC and DCI, in fact no accreditation had been given to plaintiffs by DC or DCI. De Almeida's letter to the postal authorities similarly complained that hundreds of thousands of plaintiffs' promotional brochures had been mailed using DCI's nonprofit postal permit without authorization. Both letters apparently were based on De Almeida's sworn testimony in the Florida lawsuit.

On December 27, 1983, plaintiffs filed a complaint in the circuit court of Du Page County seeking injunctive relief and damages from defendants for defamation based upon the letters sent by De Almeida. In response to the complaint, defendants filed a special appearance and motion to dismiss for lack of personal jurisdiction. Defendants argued that since the complaint failed to allege that either of the defendants engaged in any act in person or through an agent in Illinois, there was no basis for personal jurisdiction over defendants. After hearing argument, the trial court denied defendants' motion to dismiss for lack of personal jurisdiction. Thereafter, defendants filed a motion to dismiss on the grounds of *forum non conveniens*, based on the proposition that another forum, New York, better served the convenience of the parties and the ends of justice. After hearing argument, the trial court also denied that motion.

Both parties thereafter sought and were granted leave to supplement the record with certain affidavits. Defendants introduced the affidavit of Weisberg, president of PSC, wherein he stated neither he nor his corporation entered into an agreement with De Almeida the intent or effect of which was to authorize De Almeida to act as defendants' agent. On the basis of this new information before the trial court, defendants renewed their motion to dismiss for lack of jurisdiction and on the ground of *forum non conveniens*. After hearing argument, the trial court on April 12, 1984, denied defendants' renewed motion to dismiss for lack of personal jurisdiction, but granted defendants' renewed motion to dismiss on the ground of *forum non conveniens* and therefore dismissed this action. On May 9, 1984, plain-

tiffs filed a timely notice of appeal from the trial court's order granting defendants' motion to dismiss on the ground of *forum non conveniens* and defendants thereafter filed a timely cross-appeal from the court's order denying their motion to dismiss for lack of jurisdiction.

In their cross-appeal, defendants argue that the trial court erred in denying their motion to dismiss plaintiffs' cause of action based upon the absence of *in personam* jurisdiction. Defendants predicated their motion on the Illinois long-arm statute (Ill. Rev. Stat. 1983, ch. 110, par. 2—209(a)(2)), which provides:

> "(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> \* \* \*
>
> (2) The commission of a tortious act within this State \* \* \*."

See generally Annot., 24 A.L.R.3d 532 (1969).

Defendants challenge plaintiffs' allegations that the tort of libel was committed either by defendants or through their agent when De Almeida sent the letter to the Accreditation Council in Lake Bluff, Illinois. This court recently explicated certain general principles regarding personal jurisdiction.

> "Our supreme court has stressed that the standard enunciated in the Illinois long-arm statute is not to be equated with the 'minimum contacts' test under the due-process clause. [Citations.] That clause 'requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' [Citations.] The court in *Cook* and *Green* recognized that the Federal due process standard represents only the outer limits beyond which a State may not proceed to acquire jurisdiction over nonresidents and stated that a State may set its own limits within the perimeters established by the due-process clause. [Citation.] Accordingly, the court determined that long-arm jurisdiction questions in Illinois should be resolved first by looking to the meaning of the Illinois statute. Only in those instances where the Illinois enactment confers jurisdiction should the court take the second step and assure that the minimum requirements of due process have been satisfied." *People v. Par-*

*sons Co.* (1984), 122 Ill. App. 3d 590, 596-97, 461 N.E.2d 658, 663-64.

■ The party asserting jurisdiction carries the burden of demonstrating a *prima facie* case that jurisdiction under the long-arm statute exists. (*People v. Parsons Co.* (1984), 122 Ill. App. 3d 590, 596, 461 N.E.2d 658, 663.) The essential inquiry on appeal is whether the plaintiff has met this burden. (*Kutner v. DeMassa* (1981), 96 Ill. App. 3d 243, 247, 421 N.E.2d 231, 234.) In considering a challenge to its personal jurisdiction, a court may review and weigh affidavits, and "such conflicts as do exist in the affidavits and pleadings must be resolved in plaintiff's favor for purposes of determining whether a *prima facie* case for *in personam* jurisdiction has been established." (96 Ill. App. 3d 243, 247-48, 421 N.E.2d 231, 235.) However, where well-alleged facts within an affidavit are not contradicted .by counteraffidavits, they must be taken as true notwithstanding the existence of contrary averments in the adverse party's pleadings. (*Kutner v. DeMassa* (1981), 96 Ill. App. 3d 243, 421 N.E.2d 231; *Central Clearing, Inc. v. Omega Industries, Inc.* (1976), 42 Ill. App. 3d 1025, 1028, 356 N.E.2d 852, 855.) If a defendant's affidavit contesting jurisdiction is not refuted by a counteraffidavit filed by the plaintiff, the facts alleged in the defendant's affidavit are accepted as true. *Kutner v. DeMassa* (1981), 96 Ill. App. 3d 243, 421 N.E.2d 231; *Doolin v. K-S Telegage Co.* (1979), 75 Ill. App. 3d 25, 29, 393 N.E.2d 556, 559; *Wiedemann v. Cunard Line Limited* (1978), 63 Ill. App. 3d 1023, 1031, 380 N.E.2d 932, 938.

Plaintiffs' unverified complaint filed on December 27, 1983, alleged that defendants entered into the Florida agreement with DC, DCI and De Almeida, which provided that De Almeida, on behalf of DC and DCI would write the Accreditation Council in Lake Bluff, Illinois, informing it that seminars sponsored by plaintiffs were erroneously claimed by plaintiffs to have been certified by DC and DCI. The Florida agreement further provided De Almeida would send identical letters to post office officials in Washington and New York (Brooklyn, Rockville Centre, Oceanside) informing them that plaintiffs had used DCI's nonprofit mailing permit.

■ Defendants assert, and we agree, that the complaint, fairly read, does not contain an allegation that defendants *sent* the letters as principals. Plaintiffs in their complaint do allege that the letters were *written* by or at the direction of defendants. Plaintiffs assert jurisdiction, however, based upon the fact that the libel occurred when the letter was *published* in Illinois. (See *Process Church of Final Judgment v. Sanders* (N.D. Ill. 1972), 338 F. Supp. 1396, 1400-01.)

Since the wording of their complaint alleges that De Almeida and not defendants *sent* the letter to the Accreditation Council in Illinois, the only theory upon which defendants could be held liable for De Almeida's mailing of the letters is that De Almeida acted as defendants' agent. Paragraphs 6 and 7 of plaintiffs' complaint state:

"6. Pursuant to the Agreement, De Alemeida [*sic*] signed and sent the letters attached as Exhibits 'A' and 'B', which letters were respectively received by the AMA Accreditation Counsel [*sic*] for Continuing Medical Education and the Postmaster General.

7. The letters contain false and defamatory statements about plaintiffs PGT and IPMC and, upon information and belief, were written by or at the direction of PSC and Weisberg with knowledge that they were false and defamatory."

Despite these allegations in plaintiffs' complaint, defendants contend the trial court erred by ignoring the affidavit of defendant Weisberg, the president of PSC wherein he stated, "Neither I nor PSC have ever entered into any agreement, whether oral or written, with Doctors' Club International, Inc. ('DCI'), Doctors' Club, Inc. ('DC'), or Doctor Mauricio J. De Alemeida, [*sic*] the intent or effect of which was to consent to their acting either on behalf of myself or PSC, or subject to the control of myself or PSC." Because of Weisberg's express denial in his affidavit that an agency relationship existed, defendants contend on the authority of *Kutner v. DeMassa* (1981), 96 Ill. App. 3d 243, 421 N.E.2d 231, that the allegations in plaintiffs' complaint are insufficient to contradict the affidavit. In *Kutner*, the issue was identical to that presented here; whether Illinois courts had *in personam* jurisdiction based upon the allegation that a tortious act had been committed in the State by agents of the defendants. The defendant in *Kutner*, as did defendants here, filed an affidavit denying that the parties who committed the tort were acting as his agent. Unlike here, however, in *Kutner* the plaintiff filed a counteraffidavit which stated he believed the allegations of agency in his complaint were true. Finding the plaintiff's counteraffidavit unsupported by the facts and therefore insufficient to demonstrate an agency relationship, the *Kutner* court ruled that the plaintiff had failed to make a *prima facie* showing that personal jurisdiction existed. (96 Ill. App. 3d 243, 248, 421 N.E.2d 231, 235-36.) In the case at bar, plaintiffs never even filed a counteraffidavit, and, thus, defendants contend that the facts recited in Weisberg's affidavit must be accepted as true. See *Kutner v. DeMassa* (1981), 96 Ill. App. 3d 243, 248, 421 N.E.2d 231, 235-36; *Wiedemann v. Cunard Line Limited* (1978), 63 Ill. App. 3d 1023,

1031, 380 N.E.2d 932, 939-40.

Plaintiffs' attempts to avoid application of the *Kutner* rule are unconvincing. Plaintiffs assert Weisberg's affidavit is unworthy of consideration because it contains only "bald-faced legal conclusions." In reality, however, the affidavit states facts within Weisberg's personal knowledge, such as his intent and whether the parties ever entered into an agency agreement bearing on the question of whether De Almeida was authorized to act as the agent of defendants. Furthermore, the affidavit of the defendant relied upon by the trial court in *Kutner* was far more conclusory than that in the instant case, stating only that the defendant denied certain men were acting as his agents. Therefore, plaintiffs' contention that defendants' affidavit is too conclusory to rebut the allegations of agency in their complaint is unpersuasive.

■ Plaintiffs also argue that their complaint should be construed liberally, citing the admonitions contained in sections 2—603(c) and 2—612(b) of the Illinois Code of Civil Procedure that pleadings are to be given a liberal construction in Illinois. (See Ill. Rev. Stat. 1983, ch. 110, pars. 2—603(c), 2—612(b).) This rule combined with their contention based upon *Sherman v. Field Clinic* (1979), 74 Ill. App. 3d 21, 392 N.E.2d 154, that a tortious act (publication of the letter) was committed in Illinois on behalf of defendants, plaintiffs argue, are sufficient to withstand defendants' motion to dismiss for lack of jurisdiction. Several problems exist with their argument. First, and most important, liberal construction of plaintiffs' complaint does not remedy plaintiffs' failure to file a counteraffidavit contesting Weisberg's affidavit. Second, as correctly argued by defendants, *Sherman* is distinguishable from the case at bar on the basis that in *Sherman* no affidavit was filed by either party. Therefore, *Sherman* only stands for the general proposition that to defeat a motion to dismiss, a party need not include in its complaint sufficient facts to enable the trial court to *resolve* the agency issue, but instead need only allege that a tortious act was committed on the alleged principal's behalf.

■ In another attempt to circumvent the Weisberg affidavit, plaintiffs focus on the Florida agreement, specifically citing the section which provides:

"COMES NOW the undersigned parties and hereby agree to take the following action within the following time frames:

1. *AMERICAN MEDICAL ASSOCIATION NOTIFICATION*: Dr. Mauricio J. De Almeida on behalf of THE DOCTORS' CLUB INTERNATIONAL, INC. and DOCTORS' CLUB, INC. shall write the American Medical Association

Accreditation Counsel [*sic*] for Continuing Medical Education whose address is Frances M. Maitland, Assistant Secretary, Post Office Box 245, Lake Bluff, Illinois 60044, and inform that organization of the following facts and circumstances *** ."

Plaintiffs argue the above language establishes the agency relationship, but cite no authority for the proposition that one who enters into a stipulated agreement with the opposing party authorizes that opposing party to act as its agent for purposes of satisfying the terms of the agreement. Contentions without citation to authority are waived. 87 Ill. 2d R. 341(e)(7); see *Wilson v. Continental Body Corp.* (1981), 93 Ill. App. 3d 966, 969, 418 N.E.2d 56, 58.

■ Even if plaintiffs have not waived this argument, a reasonable construction of the initial sentence of the quoted Florida agreement suggests only that each party agreed to take certain actions. The Florida agreement does not suggest or imply any relationship between defendants and De Almeida or that De Almeida was acting on behalf of defendants in publishing the letters. Rather, the Florida agreement specifically states that de Almeida sent the letters on behalf of DC and DCI. The Florida agreement, reasonably construed, does not establish a *prima facie* agency relationship. Compare *People v. Parsons Co.* (1984), 122 Ill. App. 3d 590, 461 N.E.2d 658 (where this court ruled that the fully developed record established that Illinois subsidiary of Ohio corporation was acting as parent company's agent in connection with disposal of waste materials).

■ As an alternative argument, plaintiffs contend that defendants forced De Almeida to send the letters which are the basis of this action. This allegation, however, contradicts its only available basis for Illinois jurisdiction—that De Almeida was defendants' agent—because an agency relationship is voluntary and consensual. (*Stone v. Stone* (1950), 407 Ill. 66; *Milwaukee Mutual Insurance Co. v. Wessels* (1983), 114 Ill. App. 3d 746, 449 N.E.2d 897.) In addition, apart from the naked assertion that De Almeida was forced to send the letters, no other evidence or documents in the record support such a conclusion. We conclude plaintiffs have not made a *prima facie* showing that defendants through De Almeida committed a tortious act in Illinois, and, thus, the trial court erred in denying defendants' motion to dismiss for lack of personal jurisdiction.

We therefore reverse the order of the circuit court of Du Page County denying defendants' motion to dismiss for lack of personal jurisdiction. Because of the absence of personal jurisdiction, the trial court should not have reached the question of *forum non conveniens.*

Thus, we vacate its order dismissing this cause which was based on the *forum non conveniens* ground. This court's order entered September 13, 1984, denying plaintiffs' motion to file the supplemental record is vacated, and plaintiffs' revised motion for leave to supplement the record on appeal is allowed.

Reversed in part, vacated in part.

REINHARD and UNVERZAGT, JJ., concur.

## SUPPLEMENTAL OPINION ON REHEARING

JUSTICE LINDBERG delivered the opinion of the court:

Following our opinion in this case, plaintiffs filed a petition for rehearing which this court allowed. Defendants filed an answer to the petition, and plaintiffs have filed their reply. Plaintiffs argue that this court should remand this cause to permit them to take certain discovery, to amend their complaint, and to establish other bases for personal jurisdiction. After considering the arguments of the parties, we agree with defendants that plaintiffs have waived their arguments in support of a remand by failing to make them in their appellate briefs.

■ In their notice of cross-appeal, defendants requested that "this action be dismissed for lack of personal jurisdiction," and in their initial brief filed on cross-appeal, defendants clearly relied upon the Weisberg affidavit in asserting the absence of personal jurisdiction. Despite this notice which apprised plaintiffs that the questions of personal jurisdiction and the adequacy of plaintiffs' showing on this issue would be in dispute on appeal, plaintiffs maintained as their sole argument in their cross-appellees' reply brief that "the evidence in the record on appeal demonstrates that Illinois courts have personal jurisdiction over defendants." Because plaintiffs now argue for the first time to this court in their petition for rehearing that they should be given an additional opportunity to present evidence designed to refute Weisberg's affidavit, we conclude they have waived this argument. *Village of Mundelein v. Taylor* (1985), 130 Ill. App. 3d 819, 825, 474 N.E.2d 843, 847. Accord, *People v. Mallett* (1970), 45 Ill. 2d 388, 397-98; *Chicago Park District v. Kenroy, Inc.* (1978), 58 Ill. App. 3d 879, 888-89, 374 N.E.2d 670, 677, *aff'd in part, rev'd in part* (1980), 78 Ill. 2d 555; *Sobina v. Busby* (1965), 62 Ill. App. 2d 1, 25-26, 210 N.E.2d 769, 781.

■ Plaintiffs next maintain that this case should be remanded to allow plaintiffs an opportunity to amend their complaint "to more spe-

cifically allege that defendants, through their agent De Almeida committed tortious acts by sending to and publishing a defamatory letter in Illinois." Although defendants argued in their brief filed on cross-appeal that plaintiffs' complaint as drafted was inadequate to establish personal jurisdiction, plaintiffs, in their cross-appellees' brief, never argued that they ought to be allowed to amend their complaint, but instead asserted that their complaint, liberally construed, established personal jurisdiction. We are unpersuaded by plaintiffs' argument that one sentence in their cross-appellees' reply brief raised to this court the necessity for a remand to afford plaintiffs an opportunity to present additional facts on the relationship between defendants and De Almeida. Fairly read, that sentence was offered to support plaintiffs' assertion that liberal construction of its complaint permitted the conclusion that personal jurisdiction was established over defendants. Therefore, we reject as waived plaintiffs' argument, raised for the first time in their petition for rehearing, that this court should order a remand to allow plaintiffs to amend their complaint.

■ As their final argument, plaintiffs maintain this cause should be remanded to permit the trial court to consider whether other bases for personal jurisdiction exist. As with their two prior arguments, plaintiffs were put on notice that defendants were challenging plaintiffs' basis for asserting personal jurisdiction. Nonetheless, plaintiffs in their cross-appellees' brief did not identify other grounds for personal jurisdiction or even assert that other grounds existed, but rather contended that the ground raised by their complaint and considered by the trial court did, in fact, establish personal jurisdiction. Now, in their petition for rehearing, plaintiffs assert they should be allowed to demonstrate the existence of bases for jurisdiction other than that raised by plaintiffs at trial and argued on appeal. Because this argument is substantively different from that made to this court in their cross-appellees' brief, we conclude the argument has been waived. (See *Village of Mundelein v. Taylor* (1985), 130 Ill. App. 3d 819, 825, 474 N.E.2d 843, 847.) We adhere to our original opinion in this cause.

REINHARD and UNVERZAGT, JJ., concur.