THE VILLAGE OF MUNDELEIN, Plaintiff-Appellant, *v.* ROY AARON, Defendant-Appellee.

Second District No. 82—343

Opinion filed January 26, 1983.

Jeffrey C. Ericksen, of Rosing, Carlson & Magee, of Waukegan, for appellant.

Shaun McParland and Robert S. Soderstrom, both of McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiff, village of Mundelein, appeals from an order of the trial court granting defendant's motion to suppress the audio portion of defendant's recorded conversation. The audio portion of a tape recording of defendant's statements was made while defendant was in custody of the village of Mundelein Police Department following an arrest for driving while under the influence of intoxicating liquor in violation of the village's ordinance number 10, paragraph 7.01, and

improper lane usage in violation of ordinance number 10, paragraph 3.13. Defendant's motion to suppress was based on an alleged violation of the Illinois eavesdropping statute (Ill. Rev. Stat. 1981, ch. 38, par. 14—2).

■ Prior to determining the issues on appeal, a reviewing court must first determine whether it has jurisdiction, even if this issue is not raised by the parties. (*Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 1109.) Absent proper appellate jurisdiction, this appeal must be dismissed.

■ Initially, this court had some question as to whether or not the provisions of section 1—2—1.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 1—2—1.1) might be applicable to the ordinances in question and require that the prosecution of the offense conform to the rules of criminal procedure as provided in that section. Section 1—2—1.1 of the Illinois Municipal Code provides in pertinent part as follows:

> "The corporate authorities of each municipality may pass ordinances, not inconsistent with the criminal laws of this State, to regulate any matter expressly within the authorized powers of the municipality, or incidental thereto, making violation thereof a misdemeanor punishable by incarceration in a penal institution other than the penitentiary not to exceed 6 months. The municipality is authorized to prosecute violations of penal ordinances enacted under this Section as criminal offenses by its corporate attorney in the circuit court by an information, or complaint sworn to, charging such offense. The prosecution shall be under and conform to the rules of criminal procedure. Conviction shall require the municipality to establish the guilt of the defendant beyond reasonable doubt."

However, counsel for both parties agree that the ordinances of the village of Mundelein in question in this matter provided upon conviction for the imposition of a fine only. Since the violation of the ordinances was not punishable by imprisonment, the provisions of section 1—2—1.1 of the Illinois Municipal Code are not applicable.

A prosecution for the violation of a municipal ordinance and to recover a fine or penalty therefore, while quasi-criminal in nature, is civil in form and is tried and reviewed as a civil proceeding. *City of Creve Coeur v. Pelletier* (1977), 45 Ill. App. 3d 59, 61; *City of Highland Park v. Curtis* (1967), 83 Ill. App. 2d 218, 228.

■ Since this matter is subject to review as a civil proceeding, the village as plaintiff may appeal from a judgment in the defendant's favor. (*Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 267;

136

*Village of Park Forest v. Bragg* (1967), 38 Ill. 2d 225, 227-29.) Generally, only final judgments are appealable as of right (87 Ill. 2d R. 301; *Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 1110; *City of Springfield v. Ushman* (1979), 71 Ill. App. 3d 112, 114). Appeals from interlocutory orders are permitted only as specifically provided for by Supreme Court Rules. The trial court's order here is not the type of order from which an interlocutory appeal is allowed as a matter of right. (See 87 Ill. 2d R. 307.) Supreme Court Rule 308 (87 Ill. 2d R. 308) provides for the manner in which interlocutory appeals under certain circumstances may be taken by the permission of the appellate court. Plaintiff did not seek permission of this court for leave to appeal or otherwise attempt to comply with the requirements as set down in Supreme Court Rule 308. Since the plaintiff did not comply with the rules of the Supreme Court in taking its appeal, this court lacks appellate jurisdiction to review this matter and the appeal must be and is hereby dismissed.

Appeal dismissed.

SEIDENFELD, P.J., and UNVERZAGT, J., concur.