THE VILLAGE OF CARY, Plaintiff-Appellant, v. LEROY K. PAVIS,
Defendant-Appellee.

Second District   No. 2—87—1166

Opinion filed June 30, 1988.

Narusis & Narusis, of Cary (Colin D. MacMeekin, of counsel), for appellant.

No brief filed for appellee.

JUSTICE REINHARD delivered the opinion of the court:
Defendant, LeRoy K. Pavis, was charged in traffic citations in the
circuit court of McHenry County with violating Village of Cary (Vil-

lage) ordinances of improper lane usage and driving while under the influence of alcohol (DUI). Further, the Village ordinances provide that a person convicted of DUI shall be punished either by a fine not to exceed $1,000 or by imprisonment not to exceed one year, or both. Prior to trial, the Village attorney filed a motion *in limine* requesting a ruling as to whether the trial court would suppress evidence, which the Village would seek to introduce at trial, that a "warning to motorist" was read to defendant pursuant to section 11–501.1(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11–501.1(c)). In its motion, the Village represented that because of the court's prior ruling in a different case, the Village believed that the court would suppress evidence of the warning and the Village would appeal the anticipated suppression.

Following arguments on the motion *in limine*, the trial court suppressed evidence of the warning and granted "leave" to the Village to file an interlocutory appeal. The Village attorney filed a certificate of substantial impairment stating that the suppression "substantially impairs my ability to prosecute." Notice of appeal was thereafter filed.

The sole issue raised in the Village's brief is whether the trial court erred in suppressing evidence of the "warning to motorist" given to defendant prior to his refusal to take a breathalyzer test. No appellee's brief has been filed.

■■ ■ Before considering the merits of the issue raised, we have a duty to consider our jurisdiction to hear this interlocutory appeal and, if jurisdiction is wanting, to dismiss the appeal. (*Ferguson v. Riverside Medical Center* (1986), 111 Ill. 2d 436, 440, 490 N.E.2d 1252; *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539, 470 N.E.2d 290.) It is well established that an appellate court, subject to certain exceptions for appeals from interlocutory orders specified in Illinois Supreme Court Rules 306, 307, and 308 (107 Ill. 2d Rules 306, 307, 308), is without jurisdiction to review judgments or orders which are not final. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480; *In re J.N.* (1982), 91 Ill. 2d 122, 126-27, 435 N.E.2d 473.) This interlocutory appeal is clearly not sought pursuant to any of the aforementioned rules. Nevertheless, we must consider whether this interlocutory appeal by the Village is allowed by Supreme Court Rule 604(a), which is applicable to appeals in criminal cases by the State from certain types of orders, including the suppression of evidence.

Rule 604(a) provides:

"(a) Appeals by the State.

(1) *When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive ef-

fect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence.

(2) *Leave to Appeal by State.* The State may petition for leave to appeal under Rule 315(a).

(3) *Release of Defendant Pending Appeal.* A defendant shall not be held in jail or to bail during the pendency of an appeal by the State, or of a petition or appeal by the State under Rule 315(a), unless there are compelling reasons for his continued detention or being held to bail.

(4) *Time Appeal Pending Not Counted.* The time during which an appeal by the State is pending is not counted for the purpose of determining whether an accused is entitled to discharge under section 103—5 of the Code of Criminal Procedure of 1963." 107 Ill. 2d R. 604(a).

In *Village of Park Forest v. Bragg* (1967), 38 Ill. 2d 225, 230 N.E.2d 868, our supreme court considered whether a municipality could seek review of a magistrate's decision to suspend a penalty that he had assessed for the violation of a municipal ordinance. It held, in pertinent part, that Supreme Court Rule 604 was not applicable to municipal prosecutions, reaffirming its decision in *Village of Maywood v. Houston* (1956), 10 Ill. 2d 117, 139 N.E.2d 233, and allowed the appeal. *Village of Park Forest*, 38 Ill. 2d at 227-29, 230 N.E.2d at 869-70.

In *Village of Mundelein v. Aaron* (1983), 112 Ill. App. 3d 134, 445 N.E.2d 57, this court held that a municipality could not appeal an interlocutory order of the trial court which granted a suppression of evidence motion presented by the defendant therein. In the *Village of Mundelein* case, however, the municipal ordinances of the Village provided for the imposition of a fine only upon conviction. We, therefore, held that the prosecution for a violation of a municipal ordinance which provides for a fine only, while quasi-criminal in nature, is civil in form and is tried and reviewed as a civil proceeding. (*Village of Mundelein*, 112 Ill. App. 3d at 135-36, 445 N.E.2d at 58.) Thus, the interlocutory appeal was dismissed as the appeal was not permitted under the applicable rules for interlocutory appeals in civil cases. *Village of Mundelein*, 112 Ill. App. 3d at 135-36, 445 N.E.2d at 59.

The instant case is slightly different factually from the above-cited cases, as the municipal ordinance, here, provides for a possible jail term, a fine or both, upon conviction of the DUI ordinance. Where the

corporate authorities pass an ordinance to regulate a matter within their corporate powers and provide for a penalty of incarceration, section 1—2—1.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 1—2—1.1) provides, in part, that the prosecution "shall be under and conform to the rules of criminal procedure" and the municipality must "establish the guilt of the defendant beyond a reasonable doubt."

■■ While this statute clearly regulates the rules of trial procedure where the ordinance provides for a possible jail sentence upon conviction and mandates conformity to the rules of criminal procedure, only the supreme court can make rules governing interlocutory appeals, subject only to double jeopardy clauses. *People v. Young* (1980), 82 Ill. 2d 234, 239, 412 N.E.2d 501.

As previously noted, Supreme Court Rule 604(a) is specifically applicable to appeals in criminal cases by the State. There is no mention in Rule 604 of an interlocutory appeal by a municipality. Moreover, in *Village of Park Forest v. Bragg* (1967), 38 Ill. 2d 225, 230 N.E.2d 868, the supreme court, in discussing Rule 604 and former section 120—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1965, ch. 38, par. 120—1), stated that "the term 'State' would not ordinarily be considered as applying both to the State itself and to its political subdivisions." (38 Ill. 2d at 229, 230 N.E.2d at 870.) The court further reasoned that Rule 604 encompasses a substantially smaller category of cases, only those which involve violations of the general criminal laws. 38 Ill. 2d at 229, 230 N.E.2d at 870.

■■ ■ We are convinced, then, that Supreme Court Rule 604(a) was not intended to apply to municipalities that may wish to pursue an interlocutory appeal. The policy reasons for allowing interlocutory appeals from pretrial orders suppressing evidence in State criminal prosecutions, as articulated in *People v. Young* (1980), 82 Ill. 2d 234, 246-47, 412 N.E.2d 501, are not present in municipal prosecutions. The subject matter of municipal prosecutions are, in general, less serious than that of State criminal prosecutions and, consequently, there is less need to permit interlocutory appeal from the suppression of evidence. If the interlocutory order decides a question of sufficient importance, an appeal may be sought by permission pursuant to Supreme Court Rule 308.

For the foregoing reasons, this appeal is dismissed.

Appeal dismissed.

DUNN and INGLIS, JJ., concur.