2024 IL App (3d) 230002

Opinion filed March 7, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE VILLAGE OF LISLE, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-23-0002 |
| | ) | Circuit No. 21-DT-872 |
| | ) | |
| ALEX AUBREY FRENCH, | ) | Honorable |
| | ) | Michael W. Fleming, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court, with opinion.
Justices Holdridge and Albrecht concurred in the judgment and opinion.

**OPINION**

¶ 1  The Village of Lisle (Village) appeals from an order of the circuit court suppressing evidence obtained after defendant, Alex Aubrey French, submitted to field sobriety testing and was arrested for driving under the influence of alcohol in violation of chapter 10-1 of the Lisle Village Code, among other village ordinance violations. We dismiss the appeal for lack of jurisdiction.

¶ 2          I. BACKGROUND

¶ 3  In April 2021, Village police officer William Wise arrested defendant following an encounter in which defendant's car was found disabled in middle of a lane of traffic. Defendant

failed several field sobriety tests and refused to provide a breath sample. Officer Wise thereafter sought and obtained a search warrant for the collection of defendant's blood for chemical testing.

¶ 4    The Village filed a complaint in the circuit court of Du Page County alleging that defendant committed the offenses of driving under the influence of alcohol (DUI) "in violation of village ordinance 10-1-5/11-501(a)(2)," transportation or possession of open alcohol by a driver "in violation of village ordinance 10-1-5/11-502(a)," and insufficient lights on a parked vehicle "in violation of village ordinance 10-1-5/12-203(a)." See 625 ILCS 5/11-501(a)(2) (West 2020) (DUI); *id.* § 11-502(a) (open alcohol container); *id.* § 12-203(a) (insufficient lights); Lisle Village Code § 10-1-10 (adopted Feb. 18, 1991) (incorporating Illinois Vehicle Code by reference).

¶ 5    Defendant filed a petition to rescind his statutory summary suspension. Following an evidentiary hearing, the trial court granted the rescission, finding no reasonable grounds for the DUI arrest. Defendant then moved to quash arrest and suppress evidence, claiming he was unlawfully detained by law enforcement and that the results of chemical testing on blood samples collected pursuant to a subsequently issued search warrant should be suppressed. The trial court granted defendant's motion and suppressed evidence of the officer's observations of defendant during field sobriety testing, as well as the blood samples obtained through the search warrant.

¶ 6    The Village filed a certificate of impairment and a timely notice of appeal. In its brief on appeal, the Village invoked this court's jurisdiction under Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2017), stating:

"Jurisdiction for the present appeal arises pursuant to Illinois Supreme Court Rule 604(a)(1), for an appeal by the Prosecution of an Order Suppressing Evidence and Quashing or Suppressing Evidence seized pursuant to a Search Warrant."

¶ 7 Defendant filed a motion to dismiss with this court, claiming we lack jurisdiction to consider the appeal under Rule 604(a)(1) because the rule does not allow municipalities to pursue interlocutory appeals from orders granting a motion to quash or suppress evidence. In its response, the Village argues we have jurisdiction because the Village attorney was acting with permission from the State's Attorney pursuant to section 16-102 of the Illinois Vehicle Code (625 ILCS 5/16-102 (West 2020)) while prosecuting a Vehicle Code violation referenced in the local ordinances. In support thereof, the Village submitted two exhibits: (1) a copy of section 10-1-10 of the Lisle Village Code, adopting the Vehicle Code,[1] and (2) a letter from the Du Page County State's Attorney giving the Village permission to prosecute Vehicle Code cases, dated August 24, 2015. We issued a minute order taking the motion with the case and set the matter for oral argument.

¶ 8                                    II. ANALYSIS

¶ 9 On appeal, the Village challenges the trial court's suppression order, claiming the trial court (1) erred in concluding that the officer's conduct violated defendant's fourth amendment rights and (2) improperly suppressed the blood test results obtained from the search warrant. Before addressing the merits, however, we must first consider the scope of our jurisdiction.

¶ 10                                  A. Jurisdiction

¶ 11 In this case, the Village filed its appeal invoking our jurisdiction pursuant to Rule 604(a)(1). Rule 604(a)(1) provides:

---

[1]Section 10-1-10 of the Lisle Village Code states:
    "625 Illinois Compiled Statutes 5/1-100 et seq. of the Illinois [V]ehicle [C]ode is hereby adopted and incorporated herein by this reference. Further, citations may be issued by authorized personnel of the village, using the Illinois [V]ehicle [C]ode in lieu of or in addition to using the sections of this title." Lisle Village Code § 10-1-10 (adopted Feb. 18, 1991).

"In criminal cases *the State* may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." (Emphasis added.) Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2017).

¶ 12       In moving to dismiss, defendant maintains it is well settled that Rule 604(a)(1) only permits the State to appeal orders suppressing evidence, not municipalities, and cites four Second District cases: *Village of Cary v. Pavis*, 171 Ill. App. 3d 1072 (1988); *Village of Mundelein v. Thompson*, 341 Ill. App. 3d 842 (2003); *Village of Mundelein v. Minx*, 352 Ill. App. 3d 216 (2004); and *City of Aurora v. Greenwood*, 2022 IL App (2d) 210341. We will consider each case in turn.

¶ 13       In *Pavis*, the court held that Rule 604(a) does not apply to municipalities that wish to pursue an interlocutory appeal when evidence is suppressed in a DUI prosecution. *Pavis*, 171 Ill. App. 3d at 1075. In analyzing the authority to pursue criminal appeals conveyed by Rule 604(a), it concluded that the language of the Rule only applied to the State, not the village. The court relied heavily on our supreme court's ruling in *Village of Park Forest v. Bragg*, 38 Ill. 2d 225 (1967), where the court held that Rule 604(a) did not govern a village appeal from a decision regarding ordinance violation fines (a quasi-criminal matter) and noted that, even if the prosecution involved a criminal case, Rule 604(a) would not allow the appeal because the village was not " 'the State.' " *Pavis*, 171 Ill. App. 3d at 1075 (quoting *Bragg*, 38 Ill. 2d at 229). In dismissing the village's appeal, the *Pavis* court held:

"As previously noted, Supreme Court Rule 604(a) is specifically applicable to appeals in criminal cases by the State. There is no mention in Rule 604 of an interlocutory appeal by a municipality. Moreover, in [*Bragg*], the supreme court, in discussing Rule 604 ***

4

stated that 'the term "State" would not ordinarily be considered as applying both to the State itself and to its political subdivisions.' " *Id.*

¶ 14    In *Thompson*, the court interpreted Rule 604(a) as applying only to interlocutory appeals brought by the State. However, the court acknowledged that "when, pursuant to section 16-102 of the Code (625 ILCS 5/16-102 (West 2000)), a municipal attorney prosecutes a violation of the Code with written permission of the State's Attorney, the municipal attorney is acting as the State, and an appeal under Rule 604(a) will lie." *Thompson*, 341 Ill. App. 3d at 847 (citing *City of Highland Park v. Lee*, 291 Ill. App. 3d 48, 49-50 (1997)). The court then set forth the following instruction: "[W]hen a municipality brings an appeal pursuant to Rule 604(a), the jurisdictional statement should include the fact that the prosecution was brought pursuant to some section of the Code and that the municipal attorney has the written authority of the State's Attorney to bring such prosecutions." *Id.* In that case, the uniform citation form indicated that the defendant had been charged with a local ordinance violation, not a violation of the Code. The court, therefore, held that it lacked jurisdiction over the village's appeal of the trial court's suppression order. *Id.*

¶ 15    In *Minx*, the court cited *Pavis* and stated: "It is well settled that Rule 604(a)(1) applies only to the State and not to municipalities." *Minx*, 352 Ill. App. 3d at 217 (citing *Pavis*, 171 Ill. App. 3d 1072). The village charged the defendant with a violation of a local ordinance. On the citation issued to the defendant, the " 'local ordinance' box" was checked, and the " 'ILCS' box" was not. *Id.* at 218. The court found that, because the village intended to prosecute the defendant under the municipal ordinance, it lacked jurisdiction to consider the village's appeal of the suppression order related to the DUI. *Id.* (citing *Thompson*, 341 Ill. App. 3d at 847).

¶ 16        In *Greenwood*, the court held fast to the holdings in *Pavis* and *Minx*, as well as the plain and unchanged language in Rule 604(a), and concluded that it lacked jurisdiction over the city's appeal. See *Greenwood*, 2022 IL App (2d) 210341, ¶¶ 12-13. The court noted:

> "Rule 604(a)'s plain language provides that only 'the State' may appeal certain types of orders. The supreme court itself said, albeit in *dicta*, that a municipality may not appeal in cases to which Rule 604(a) applies (*Bragg*, 38 Ill. 2d at 227), and that *dicta* is clearly binding on this court. [Citation]. Our conclusion in *Pavis* was consistent with the supreme court's interpretation of its own rule in *Bragg*. Moreover, in the more than 30 years since we decided *Pavis*, the supreme court has neither overruled it nor amended Rule 604(a). Thus, the City has failed to establish that the supreme court intended to provide municipal prosecutors with the power to initiate interlocutory appeals." *Id.* ¶ 24.

¶ 17        We find these cases helpful and apply our facts to the same analysis. Whether a particular order in a criminal case may be appealed in an interlocutory appeal depends solely on our supreme court's construction of Rule 604(a)(1). See *People v. Holmes*, 235 Ill. 2d 59, 66 (2009) (supreme court has "exclusive and final authority" to construe the scope of interlocutory appeals). The supreme court has interpreted Rule 604(a) as not encompassing appeals by municipalities. See *Bragg*, 38 Ill. 2d at 229 (strictly construing the language of Rule 604(a) and holding the rule did not allow an interlocutory appeal by the village because it was not "the State"). Here, the Village is not the State, and it does not claim that it is prosecuting a Vehicle Code violation. It readily admits that defendant was charged by complaint with violating a village ordinance. Thus, we lack jurisdiction to consider the Village's appeal.

¶ 18        The Village insists that we have jurisdiction in this case, claiming a municipal prosecutor, acting with permission from the State's Attorney under section 16-102(c) of the Vehicle Code

(625 ILCS 5/16-102(c) (West 2020)) and prosecuting Vehicle Code violations, may pursue interlocutory appeals under Rule 604(a)(1). See *Lee*, 291 Ill. App. 3d at 49-50; *Thompson*, 341 Ill. App. 3d at 847.

¶ 19 Section 16-102(c) of the Vehicle Code provides:

"The State's Attorney of the county in which the violation occurs shall prosecute all violations except when the violation occurs within the corporate limits of a municipality, the municipal attorney may prosecute if written permission to do so is obtained from the State's Attorney." 625 ILCS 5/16-102(c) (West 2020).

The plain language of section 16-102(c) does not provide the Village with a viable appeal. Although the Village produced a letter from the Du Page County State's Attorney permitting it to prosecute Vehicle Code violations within its municipality, it did not charge defendant with a violation of the Vehicle Code; it charged defendant with violating a local ordinance.

¶ 20 We agree with the Village's general proposition. In *Lee* and *Thompson*, both courts held that the municipal attorney, acting with the State's Attorney's permission and pursuing a violation of the Vehicle Code, could initiate an interlocutory appeal. *Lee*, 291 Ill. App. 3d at 49-50; *Thompson*, 341 Ill. App. 3d at 847. In doing so, however, both courts emphasized that a municipal attorney must have permission from the State's Attorney *and* prosecute a violation of the Vehicle Code. Only the *Lee* court concluded that both of those requirements had been met, giving it jurisdiction to consider the city's appeal from the trial court's order granting the defendant's motion to suppress. See *Lee*, 291 Ill. App. 3d at 49-50 (holding city attorney could appeal grant of defendant's motion to quash and suppress where, along with several local ordinance violations, defendant was charged with driving while license revoked under section 6-303(a) of the Vehicle Code (625 ILCS 5/6-303(a) (West 1994))). And in *Lee*, the court

concluded that it had jurisdiction only because "the charge of driving while license was revoked was brought as a violation of the Illinois Vehicle Code and not as a violation of a municipal ordinance." *Id.* at 50. Here, the charges against defendant as identified in the criminal complaint were not asserted as violations of the Vehicle Code but as violations of village ordinances.

¶ 21                                    B. Sanctions

¶ 22        In a separate motion, defendant asks this court to impose sanctions pursuant to Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). Defendant contends that sanctions are appropriate because the Village attorney filed this appeal in bad faith, knowing "full well" that Rule 604(a)(1) only permits the State to pursue interlocutory appeals under a certificate of impairment.

¶ 23        Rule 375(b) allows us to impose an appropriate sanction on a party or a party's attorney if "it is determined that the appeal or other action itself is frivolous, or that an appeal or other action was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting or defending the appeal or other action is for such purpose." *Id.*

"The purpose of Rule 375(b) is to condemn and punish the abusive conduct of litigants and their attorneys who appear before us." *Fraser v. Jackson*, 2014 IL App (2d) 130283, ¶ 51. Imposition of sanctions under Rule 375(b) is left strictly to our discretion. *Fields v. Lake Hillcrest Corp.*, 335 Ill. App. 3d 457, 466 (2002).

¶ 24        Here, we find no need to condemn or punish the Village. In asserting this court's jurisdiction, the Village attorney used the term "[p]rosecution" to argue that Rule 604(a)(1) should be read to allow municipalities to appeal suppression orders involving ordinance violations. Although the better course of action would have been to acknowledge the express language of the rule in her jurisdictional statement, we do not believe she intentionally misled this court. Further,

8

the Village filed its notice of appeal in good faith, seeking consideration of the trial court's decision to grant defendant's suppression motion pursuant to Rule 604(a)(1) in the Third District. While the issue of Du Page County municipalities' authority to appeal local DUI ordinances under Rule 604(a) has been addressed in the Second District, this court has yet to express its view on the subject. Accordingly, we find the appeal was not frivolous. Defendant's motion for sanctions is therefore denied.

¶ 25                                        III. CONCLUSION

¶ 26          We find the language of Rule 604(a)(1) to be clear and follow the reasoning in *Pavis*, *Minx*, and *Greenwood*. We therefore conclude that we lack jurisdiction over this appeal and are required to dismiss it. The motion for sanctions is denied.

¶ 27          Appeal dismissed.

*Village of Lisle v. French*, 2024 IL App (3d) 230002

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 21-DT-872; the Hon. Michael W. Fleming, Judge, presiding. |
| **Attorneys for Appellant:** | Michelle Moore Norton, of Law Office of Michelle L. Moore, of Glen Ellyn, for appellant. |
| **Attorneys for Appellee:** | Donald J. Ramsell and Jason M. Kunowski, of Ramsell & Kunowski, L.L.C., of Wheaton, for appellee. |